---

## Ex parte JOLY.

(District Court, S. D. New York. August 28, 1922.)

1. **Habeas corpus ⚖️94—Review of conviction by court-martial.**

   On habeas corpus for discharge of a person convicted by a court-martial, the court may only inquire whether the court-martial was properly constituted, and had jurisdiction of the person of the prisoner and of the subject-matter of the offense.

2. **Criminal law ⚖️177—Defendant not twice put in jeopardy because of change of ruling during trial.**

   A defendant being tried before a court-martial is not twice put in jeopardy because a ruling sustaining his plea to jurisdiction as to one charge is reconsidered by the court and the plea overruled before final disposition of the case and prior to its submission to the reviewing authority.

3. **Army and navy ⚖️44(1)—Administrative departments of army cannot give immunity to offenders against military law.**

   An army administrative board, by holding a soldier guiltless of an offense, cannot preclude his trial by a court-martial.

4. **Constitutional law ⚖️45—Article of War making an offender subject to arrest and trial by court-martial after discharge not held unconstitutional by court of first instance.**

   The provision of the ninety-fourth Article of War (Comp. St. § 2308a) that any person guilty of an offense thereunder while in the military service subject to arrest and trial by court-martial therefor after his discharge will not be held unconstitutional by a court of first instance, in view of the fact that it has been in effect and enforced for 60 years.

On petition of Charles L. Joly for writ of habeas corpus. Writ denied.

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Edwin T. Murdoch, of New York City (John Neville Boyle, of New York City, of counsel), for relator.

William Hayward, U. S. Atty., and Morris Streusand, Asst. U. S. Atty., both of New York City (Frederick M. Brown, of New York City, Colonel, Staff Judge Advocate, of counsel), for respondent.

MAYER, Circuit Judge. Relator was convicted by a court-martial of certain offenses denounced in article 94 of the Articles of War (Comp. St. § 2308a) and of violation of article 95. Article 94 begins:

"Any person subject to military law who [then follows a list of offenses, including embezzlement] shall, on conviction thereof, be punished, * * * and if any person, being guilty of any of the offenses aforesaid while in the military service of the United States, receives his .discharge or is dismissed from service, he shall continue to be liable to be arrested and held for trial and sentence by a court martial in the same manner and to the same extent as if he had not received such discharge nor been dismissed. * * *"

Article 95 reads:

"*Conduct Unbecoming an Officer and Gentleman.*—Any officer or cadet who is convicted of conduct unbecoming an officer and a gentleman shall be dismissed from the service."

Briefly stated, the essential facts are as follows: Relator was an emergency lieutenant colonel prior to September 23, 1920. He was charged with having committed various offenses between February, 1920, and July, 1920. On September 23, 1920, he was honorably discharged. In his petition, relator alleges that "on September 24, 1920," he was "duly commissioned as major in the regular establishment of the United States army." In his traverse, however, he fixes the date of his commission as major as February 5, 1921.

The answer alleges that the discharge as lieutenant colonel was effective at midnight at the end of September 23, 1920, and that relator "was pursuant to said discharge, commissioned a major in said regular army effective at midnight at the beginning of the 24th day of September, 1920." He was subsequently (beginning November 11, 1921) tried by court-martial and convicted.

It is contended by respondent that relator was never out of the military service. The traverse thus raises an issue of fact, which, however, becomes immaterial if the court-martial had jurisdiction notwithstanding the alleged hiatus.

Certain errors are alleged which will be referred to infra. The powers of this court on habeas corpus have been so frequently stated by the Supreme Court and the Circuit Courts of Appeals of the United States that it is enough to refer to the recent exhaustive review by the Circuit Court of Appeals, per Judge Rogers, in United States v. Craig, 282 Fed. 138.

[1] This court may only inquire whether the court-martial was properly constituted and had jurisdiction of the person of the prisoner and of the subject-matter of the offense. Errors in the trial, if any, cannot be reached by habeas corpus. The record leaves no doubt that the court-martial was legally and properly constituted and convened. The details of the case and some of the questions now presented are

comprehensively, clearly, and ably dealt with in the painstaking opinion of the board of review.

Whether the relator was badly advised, whether or not error was committed in the remarks of the trial judge advocate, or whether or not testimony was improperly admitted are all matters with which this court has no legal concern. Respondent, while not conceding the facts, assumes for the purposes of the argument:

"(1) That relator was a civilian from September 24, 1920, to February 5, 1921.

"(2) That the army boards charged with recommending officers for commissions in the regular army made a determination in favor of relator's innocence of the offenses of which he was subsequently convicted.

"(3) That the court-martial commented on relator's absence from the witness stand. * * *

"(4) That relator's plea to the jurisdiction of the court-martial convened to try him for offenses under A. W. 95 was at first sustained by that court, and that thereafter, some of the testimony relevant to the charge based on A. W. 94 having meantime been taken, the court-martial, prior to the submission of its proceedings to the convening officer, recalled its former ruling, and overruled relator's plea to its jurisdiction of the charge based on A. W. 95."

[2] No. 4 supra does not involve second jeopardy: (1) Because, the proceeding being continuous, the court could change its ruling at any time prior to final disposition; and (2) because, when the ruling was made, the reviewing authority had not as yet acted.

[3] No. 2 supra is not a valid objection. The administrative departments of the army cannot give immunity for offenses or to offenders. No. 3 supra has been commented upon supra.

[4] No. 1 involves, inter alia, an attack on the constitutionality of the statute as violative of the Fifth and Sixth Amendments to the Constitution of the United States. See, also, article 3, section 2, clause 3, of the Constitution.

The ninety-fourth article was originally the Act of March 2, 1863. For nearly 60 years, therefore, the Congress has deemed it necessary, for the protection of the military arm and the nation itself, that a discharge shall not release a "person" in the military service from liability to arrest and trial by a military tribunal for offenses committed prior to discharge. In such circumstances, a court of first instance, under familiar rules, will not declare such a statute unconstitutional, unless its infirmity is clear beyond doubt.

The constitutionality of the statute was doubted (in 1895) by Col. Winthrop, a distinguished writer on military law, but he realized that such authority as there was held otherwise. There is no controlling authority on the question, but perhaps the most interesting case is In re Bogart, Fed. Cas. No. 1,596, 2 Sawy. 396. In the face, therefore, of more than half a century of practical construction and of the reported cases, this court will not hold the act unconstitutional.

In respect of article 95, I do not entertain any doubt as to the right to try relator. The question, under that section, is solely as to the power of Congress to regulate the administration of the military establishment. Surely, for its own protection, there must be power to dismiss from the military service an officer or cadet whenever "conduct unbecoming an officer or gentleman" is discovered, no matter when it happened.

Suppose it was discovered that an officer, before he entered the service, had committed a murder or was guilty of treason, can it be said that the Congress, in the interest of effective administration and regulation of the military forces, has not power to authorize a military tribunal to try such person, with the ultimate result of dismissal upon conviction? Picture the spectacle of a faithless and treasonable officer serving side by side with loyal men in combat with the enemy, because there was no power to dismiss such a man for previous disloyalty, discovered only after his entry into the service! The same view applies to lesser offenses, and I think is so obvious that extended discussion of this point is unnecessary.

In view of the foregoing conclusions, it is likewise not necessary to discuss some other points presented in the very helpful briefs of counsel.

An order dismissing the writ may be submitted on notice at noon on September 7, 1922.