### EGAN v. KNEWEL, Sheriff.

(District Court, D. South Dakota, S. D. April 1, 1924.)

#### No. 1017.

1. **Habeas corpus ⬤═92(1)—Inquiry limited to examination of fundamental and jurisdictional questions.**

    Whole inquiry is limited to examination of fundamental and jurisdictional questions, as writ cannot be employed as a substitute for a writ of error.

2. **Habeas corpus ⬤═94—Court will pursue inquiry through record of proceedings.**

    In ascertaining a jurisdictional fact, and whether judgment is wholly void, court will pursue its inquiry through record of proceedings.

3. **Constitutional law ⬤═250, 265—Indictment and information ⬤═86(1)—Information charging presentation of false claim to insurance company should allege acts were within jurisdiction of court; conviction on insufficient information is without due process and equal protection of laws.**

    Information for presentation of false claim against insurance company, under Rev. Code, S. D. 1919, § 4271, was not sufficient, under section 4725, where it did not allege that accused presented claim and proofs within jurisdiction of court, notwithstanding section 4715, and a judgment of conviction thereon was a nullity, and in violation of Const. U. S. Amend. 14, § 1.

4. **Criminal law ⬤═99—Jurisdiction cannot be conferred by consent or waiver.**

    Jurisdiction cannot be conferred by consent or waiver in South Dakota, in view of Rev. Code, S. D. 1919, §§ 4771, 4779.

5. **Insurance ⬤═31—False claim offense, notwithstanding valued policy law.**

    Presentation of false or fraudulent claim against insurance company or proof in support thereof may lay foundation for successful prosecu-

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tion under Rev. Code S. D. 1919, § 4271, notwithstanding valued policy law.

**6. Habeas corpus ⬯45(2)—Federal District Court may interfere by habeas corpus, where conviction had in state court without jurisdiction.**

Where state court was without jurisdiction and its judgment was void, one convicted of crime need not pursue remedies by writ of error to the federal Supreme Court, but may obtain discharge from custody by habeas corpus in federal District Court.

**7. Habeas corpus ⬯94—Court may examine all matters going to authority of court to try and sentence accused.**

Federal court is warranted in examining all matters going to authority of state court to try and sentence one petitioning for discharge.

**8. Habeas corpus ⬯94—Right of federal court to inquire into question of proof of venue of state court.**

Federal court, inquiring into conviction in state court on ground that information on which conviction was had could not support it, had right and duty to make inquiry into question of proof of venue.

**9. Habeas corpus ⬯94—Failure to prove venue sufficient to oust state court of jurisdiction.**

Failure to prove venue of offense would oust state court of jurisdiction.

Habeas Corpus. Petition by George W. Egan against Vincent L. Knewel, as Sheriff of Minnehaha County, S. D. Petitioner discharged.

Petitioner seeks his discharge from the custody of the respondent, as sheriff of Minnehaha county, S. D. He is under restraint in virtue of a mittimus in the hands of the sheriff. This instrument was issued out of the circuit court of said Minnehaha county, and is based upon a judgment of conviction in said circuit court, which judgment petitioner claims is a nullity.

On the 3d day of April, 1922, petitioner was placed on trial in said court upon an information filed by the prosecuting attorney of said county and based upon section 4271, Rev. Code 1919 of South Dakota, in part as follows: "Every person who presents or causes to be presented any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance for the payment of any loss, * * * is punishable by imprisonment in the state penitentiary not exceeding three years, or by a fine not exceeding $1,000, or both." The pertinent allegations of said information are as follows:

"Information.

"State of South Dakota, County of Minnehaha—ss.:

"In the Circuit Court Thereof, Second Judicial Circuit, May Term, A. D. 1920.
       The State of South Dakota v. George W. Egan, Defendant. Information for the Crime of Presenting False Claim and Proof of Loss.

"L. E. Waggoner, state's attorney of the county of Minnehaha, in the second judicial circuit of the state of South Dakota, upon his oath informs the court:

"That the Firemen's Insurance Company of Newark, New Jersey, was at all of the times herein mentioned a corporation * * * engaged in the business of insuring property against accidental loss by fire, * * * had fully complied with the laws of the state of South Dakota, * * * was authorized to do a fire insurance business in the state of South Dakota, * * * and * * * on the 6th day of September, 1919, issued to said George W. Egan its policy of insurance, * * * by the terms of which a two and one-half story frame building located on tracts four (4) and five (5) * * * of the northwest quarter (N. W. ¼) of section thirty-two (32), township one hundred one (101), range forty-nine (49), Minnehaha county, South Dakota, was insured in the amount of twenty-five hundred dollars ($2,500), for the term of one year from and after September 6, 1919, and thereafter, * * * on or about November 24, 1919, the said property * * * was

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

consumed and with the exception of the foundation completely destroyed by fire. * * *

"And that thereafter, and on or about the 9th day of January, 1920, the said defendant, George W. Egan, then and there did willfully, unlawfully, and feloniously present and cause to be presented to F. C. Whitehouse & Co., who were at that time acting as the agents for the Firemen's Insurance Company of Newark, New Jersey, a false and fraudulent claim and proof in support of such claim, * * * wherein and whereby the said defendant represented and claimed that said building * * * had been completely destroyed by fire on the 24th day of November, 1919; that the cause of said fire was unknown; that said building was occupied as a residence and summer home; that the value of said building was $30,000. * * *

"Whereas, in truth and in fact, each and all of the said statements in said proof of claim were false and fraudulent, and known to be false and fraudulent by the said defendant at the time they were made, in this: * * * The cause of the said fire was at the time known to the said George W. Egan, in that he had caused and procured said fire to be set and started for the purpose and with the intent of destroying said building, and the said George W. Egan had never occupied the said building as a home or summer residence, nor had the said building ever been occupied as a home or summer residence by anybody during the time when the said policy of insurance was in force; * * * and

"Whereas, in truth and in fact, the said building was not of the value of thirty thousand dollars ($30,000), * * * all of which said false and fraudulent claims and proof of loss were made with the intent upon the part of the said George W. Egan to present and use the same in support of the said George W. Egan's claims against the said Firemen's Insurance Company, and the said defendant did thereby and by said means commit the crime of presenting a false claim and proof of loss upon a contract of insurance, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of South Dakota."

At the beginning of the trial, petitioner asked permission to withdraw his plea of not guilty, previously entered, for the purpose of formally demurring to the information. The request was denied, whereupon the petitioner objected "to the introduction of any testimony under the information in this case, because: * * * (3) That said information does not describe a public offense, that no venue is laid and that the court is without jurisdiction in this case under the information filed herein. * * * (5) That the county in which the alleged offense is alleged to have been committed is not stated in said information, and that said information is defective in failing to lay the venue in order to give the court jurisdiction in the premises."

This objection was overruled, and at the close of the state's evidence petitioner again challenged the jurisdiction of the court, adding thereto the further ground that there was a total failure of proof as to the venue of the alleged offense. Again he lost his contention, and upon conviction vigorously renewed and stoutly urged his challenge to the jurisdiction of the court in his motion in arrest of judgment and in the Supreme Court on appeal. His contention availed him nothing, and, having exhausted all his remedies in the state courts, he has resorted to this court, claiming an infringement of and trespass upon his rights as a citizen, which rights are vouchsafed in section 1, article 14, of the Amendments to the national Constitution, wherein it is provided that no state shall "deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws."

Other relevant facts will be stated in the course of the opinion.

W. G. Rice, of Deadwood, S. D., and Robert Healy, of Fort Dodge, Iowa, for plaintiff.

Buell F. Jones, Atty. Gen., and Byron S. Payne, of Pierre, S. D., for defendant.

REEVES, District Judge (after stating the facts as above). [1] 1. As a postulate to the consideration of this case, it should be noted that in a habeas corpus proceeding, as here, the whole inquiry is limited to an examination of fundamental and jurisdictional questions, as the habeas corpus writ cannot be employed as a substitute for a writ of error. Ex parte Parks, 93 U. S. 18, 23 L. Ed. 787; Harlan v. Mc-Gourin, 218 U. S. 442, loc. cit. 448, 31 Sup. Ct. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Collins v. Johnston, 237 U. S. 502, loc. cit. 505, 35 Sup. Ct. 649, 59 L. Ed. 1071; Bens v. U. S. (C. C. A.) 266 Fed. 152; Murray v. U. S. (C. C. A.) 273 Fed. 522; Collins v. Morgan, 243 Fed. 495, 156 C. C. A. 193; Biddle v. Luvisch (C. C. A.) 287 Fed. 699; Ex parte Salinger (C. C. A.) 288 Fed. 752, loc. cit. 754; Ex parte Joly (D. C.) 290 Fed. 858.

[2] While upon habeas corpus the inquiry only extends to the power and authority of the court to act, not the correctness of its conclusions, yet in ascertaining a jurisdictional fact, and whether the judgment is wholly void, the court will pursue its inquiry through the record of the proceedings. It was said in Moore v. Dempsey, 261 U. S. 86, loc. cit. 92, 43 Sup. Ct. 265, 267 (67 L. Ed. 543):

"It does not seem to us sufficient to allow a judge of the United States to escape the duty of examining the facts for himself, when, if true as alleged, they make the trial absolutely void."

[3] 2. By section 4725 of the Revised Code of 1919 of South Dakota it is provided that:

An "information is sufficient if it can be understood therefrom: * * * "4. That the offense charged was committed within the jurisdiction of the court, or, though without the jurisdiction of the court, is triable therein."

Obviously the information being considered does not meet the test of sufficiency prescribed by this statute. It cannot be sustained upon the most favorable inferences. It charges in substance that the Firemen's Insurance Company, a corporation of Newark, N. J., was empowered to do business in the state of South Dakota, and in pursuance of its authority insured certain property of the petitioner, located in Minnehaha county; that the property was destroyed by fire, and that thereafter petitioner presented a false claim to its agents. It is not alleged where petitioner presented the false and fraudulent claim and proofs in support thereof.

A reasonable inference would be that such claim and proofs were presented to the company at Newark, N. J. This would be the more reasonable inference, absent an allegation that the agents of the company were located in South Dakota, and moreover, even with such an allegation as to the residence of the agents, under this statute, the information should have charged that the presentation of the false and fraudulent claim and proofs in support thereof were made somewhere within the jurisdiction of the court, or an allegation, as provided by the statute, "though without the jurisdiction of the court, is triable therein." Though by section 4715, South Dakota Revised Code of 1919, all technical forms of pleading in criminal actions have been abolished, yet the lawmakers plainly and unequivocally provided that an information, to be sufficient, must yield the inference that the offense was committed within the jurisdiction of the court. This is the

equivalent of an allegation that the indictment or information must affirmatively show the jurisdiction of the court.

Apart from the jurisdictional question, the place of the alleged offense should be charged with such clearness and certainty as to afford full notice of the charge, and thereby enable the accused to make his defense with reasonable knowledge, and to plead the judgment rendered upon the information in bar of any second charge for the same offense. It is a general principle of the law that the place must be alleged with such certainty that it may be seen that the court has jurisdiction of the offense. This is the rule reinforced by section 4725 of the South Dakota laws. It follows from the foregoing that the information, challenged in the state court and here, stands condemned by statute and is insufficient. Being insufficient, it cannot sustain a judgment, and all proceedings tending thereto are void.

[4] 3. It is the contention of the learned Attorney General, who appears for the respondent, that, even if the information did not contain proper jurisdictional averments, yet all questions thereon were foreclosed against the petitioner by his failure to file a formal demurrer. The court cannot so hold. It is provided by section 4771, South Dakota Revised Code of 1919, that the defendant may demur to an information when it appears upon the face thereof, among other things, "that the court is without jurisdiction of the offense charged." By section 4779, South Dakota Revised Code of 1919, it is provided that objections, under said section 4771, can only be taken by demurrer "except that the objection to the jurisdiction of the court over the subject of the indictment or information or that it does not describe a public offense, may be taken at the trial under the plea of 'not guilty' and in arrest of judgment."

From the above, it is very evident that the lawmakers had in mind the fundamental proposition that jurisdiction cannot be conferred by consent, agreement, or waiver, and that therefore a challenge to the jurisdiction of the court could be made at any stage of the proceeding and in any manner. An examination of the proceedings in this case, however, discloses that the inferences of the respondent are not justified, nor are the conclusions of the Supreme Court in this regard sustained. At the very threshold of the trial petitioner requested permission to withdraw his plea of not guilty, for the purpose of filing a formal demurrer. This request having been denied him, he thereupon interposed his challenge to the jurisdiction of the court, and thereafter urged his contention with vigor and persistency at every stage of the proceeding. It does not appear upon the record that petitioner, by his conduct at the trial, waived even his personal rights, or that he was estopped from asserting them, either in the state courts or here.

4. In view of the above, it is not necessary to notice the contention made in this court that the statute under which petitioner was convicted had been repealed by what is known as the valued policy law (Rev. Code 1919, § 9201). In passing, however, and in view of the analysis of the two provisions made by counsel, it should be observed that the valued policy law is conclusive only as to the amount written in the policy where the property is wholly destroyed "without criminal fault on the part of the insured."

[5] Section 4271 is leveled against the presentation of a false or fraudulent claim or any proof in support thereof. It would appear from these provisions that the presentation of a false or fraudulent claim or proof in support thereof might lay the foundation for a successful prosecution, notwithstanding the valued policy law. As an illustration, a claim might be presented for the amount specified in the policy, where the insured property had not in fact been destroyed at all, or where it is not wholly destroyed by fire, or it could be made the basis of a prosecution where the property had been destroyed by the "criminal fault on the part of the insured."

[6] 5. It is finally contended by the respondent that this court should not interfere by habeas corpus, but that the petitioner should pursue his remedy by writ of error to the Supreme Court of the United States. This contention would be correct if the state court had jurisdiction of the cause, and merely abused the processes of the court, and committed irregularities; but where, as here, the state court was without jurisdiction to proceed in the premises, its judgment was void, and, being a nullity, it was subject at any time to collateral attack. The federal courts are clothed by statute with power to issue writs of habeas corpus "for the purpose of any inquiry into the cause of restraint of liberty," and "shall proceed in a summary way to determine the facts in the case by weighing the testimony and arguments and thereupon to dispose of the party as law and justice require."

[7] It is idle to say that petitioner should be required to seek a review of the proceeding in the state court by writ of error upon a record that obviously could not sustain a judgment of conviction. Moreover, in pursuing its inquiry, the court is warranted in examining all matters that go to the authority of the court to try and sentence the accused. Harlan v. McGourin, 218 U. S. 442, 31 Sup. 44, 54 L. Ed. 1101, 21 Ann. Cas. 849; Moore v. Dempsey, supra. In Ex parte Van Moore (D. C.) 221 Fed. 968, and in Yohyowan v. Luce (D. C.) 291 Fed. 425, the federal court interfered by writ of habeas corpus upon the theory that the state court was wholly without jurisdiction. It is true that those cases were cognizable only in the federal court, but the proceeding as here was based upon the lack of jurisdiction of the state court.

In Castle v. Lewis, 254 Fed. 917, loc. cit. 919 and 920, 166 C. C. A. 279, 281, Judge Sanborn, in a learned and exhaustive opinion, said, among other things:

"When a person is in custody under the process of a state court for an alleged offense against the laws of such state, and it is claimed (a) that he is in custody in violation of the Constitution, or of a law or treaty of the United States, or (b) for an act done or omitted to be done by him in pursuance of a law of the United States, the District Courts of the United States and the judges thereof have plenary jurisdiction to inquire into the cause of such confinement by means of the writ of habeas corpus, and to discharge the petitioner if his detention is in violation of the Constitution or of a law or treaty of the United States. * * *"

[8] In conclusion, it should be stated that it was the right and duty of this court to make inquiry into the question of proof of venue in the trial of petitioner, and this was done.

[9] There was no evidence that the alleged offense was committed at any place within the jurisdiction of the trial court, and such failure of proof could have been adjudged sufficient to oust the state court of jurisdiction, even if the information had contained proper jurisdictional averments.

In view of the premises, it is the order of the court that the petitioner be discharged from the custody of the sheriff of Minnehaha county, S. D., and that his bond heretofore taken, pending this proceeding, be exonerated, and the sureties discharged.