Ex parte A. H. THORNTON.

No. A-5460.   Opinion Filed March 14, 1925.
(234 Pac. 217.)

(Syllabus.)

**Habeas Corpus—Party in Custody Under Commitment Based on Complaint in Municipal Court Failing to Charge Crime Discharged.**
Where a complaint in a municipal court upon which a defendant is being prosecuted is fundamentally defective in substance so that it charges a crime in no manner or form and by no intendment or inference, it is insufficient to confer jurisdiction, and a party in custody by reason of a commitment based thereon will be discharged on habeas corpus.

Petition by A. H. Thornton for writ of habeas corpus. Writ awarded, and petitioner discharged.

C. R. Reeves, for petitioner.

Harry Hammerly, for respondent.

EDWARDS, J.   The petitioner, A. H. Thornton, alleges that he is illegally restrained by the mayor and chief of police of the city of Chickasha, and that the said restraint is by virtue of a void ordinance and a void proceeding therein by which he was adjudged to pay a fine in the said court of said city.

The respondents have made return, admitting that they are the mayor and chief of police of said city, and that on the 23d day of February the petitioner was adjudged guilty of vagrancy and a fine of $19 assessed against him and he was ordered committed until such fine was paid, and further claim that said petitioner is subject to commitment in a proceeding in the said court, claiming the right to carry out the commitment issued on such sentence.

In his brief and argument petitioner assigns the following reasons why said proceeding is void:   First, that the ordinance under which the prosecution is predicated is unconstitutional, in that it provides for a fine of $25, without any provision for a jury trial, and that a blanket amend-

ment to all ordinances of the said city, reducing the maximum fines provided by said ordinances to $19, is invalid; second, that there was no sworn complaint charging the petitioner with any offense under said ordinances sufficient to give the municipal court of the city of Chickasha jurisdiction; third, there was no competent evidence proving the petitioner guilty of any offense under the ordinances of said city.

The question of the validity of the ordinances of said city under the decisions of this court, and under the law relating to the authority of the municipality to impose punishment without a jury trial, and the power of a municipality to impose punishment without a jury trial, and the power of a municipality to amend various ordinances by one blanket ordinance, are very serious questions. Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097; Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233; Ex parte Bochmann, 20 Okla. Cr. 78, 201 P. 537; Pentecost v. Stiles, 5 Okla. Cr. 500, 49 P. 921.

We do not, however, pass upon that contention here as the further contention that there was no complaint sufficient to give the municipal court jurisdiction must be sustained. The attempted complaint upon which the petitioner was convicted is as follows:

"The City of Chickasha v. A. H. Thornton, Complaint. In the Name and by the Authority of the city of Chickasha, Grady County, Oklahoma. Before me, undersigned authority, on this day personally appeared Phillips, who after being by me duly sworn, on oath, deposes and says that heretofore, to wit, on or about the 23rd day of February, 1925, and prior to the filing of this complaint, in the city of Chickasha, Grady County, Oklahoma, one ———— did then and there unlawfully vagrancy, contrary to the ordinance of said city in such case made and provided and against the peace and dignity of said city."

Proceedings in habeas corpus cannot be used to cor-

rect irregularity of procedure, or in the place of an appeal, or a proceeding by writ of error, where the court had jurisdiction of the person and the subject-matter, but there must be an illegality or an irregularity sufficient to render the proceedings void. In re Wilkins, 7 Okla. Cr. 423, 115 P. 1118; Ex parte Woods, 7 Okla. Cr. 645, 125 P. 440; Ex parte Rupert, 6 Okla. Cr. 90, 116 P. 350; Ex parte Brown, 3 Okla. Cr. 333, 105 P. 577; Ex parte Justus, 3 Okla. Cr. 111, 104 P. 933, 25 L. R. A. (N. S.) 483; In re Talley, 4 Okla. Cr. 398, 112 P. 36, 31 L. R. A. (N. S.) 805.

Where, however, the complaint is a nullity, stating no facts and no conclusion of law which by any intendment or inference or presumption state an offense, it will be insufficient to confer jurisdiction, and in such category, we think, the purported complaint in this case falls. No fact is charged and no conclusion of law drawn, and the instrument purporting to be a complaint is unintelligible. It is nothing. It does not charge a crime in any manner or form, and, being the basis of the jurisdiction of the municipal court, and being insufficient to confer jurisdiction, it follows that the judgment and sentence based thereon is without warrant of law. Ex parte Show, 4 Okla. Cr. 416, 113 P. 1062; Ex parte Kennedy, 10 Okla. Cr. 648, 135 P. 1194; Ex parte Hunnicutt (Ex parte Patton) 7 Okla. Cr. 214, 123 P. 179; Ex parte Wilson, 7 Okla. Cr. 610, 125 P. 739.

The writ is awarded, and the petitioner discharged.

BESSEY, P. J., and DOYLE, J., concur.