EX PARTE RAYMOND JACKSON.

No. A-7684. Opinion Filed Jan 7, 1930.
(287 Pac. 786.)

Heber Finch and W. L. Ransom, for petitioner.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for respondent.

EDWARDS, P. J.   This is an original proceeding in habeas corpus.   Petitioner alleges that he is unlawfully restrained by the sheriff of Seminole county, in the county jail, upon a commitment issued by a justice of the peace; that a complaint was filed in said justice court charging petitioner with forgery and a preliminary hearing had; that there was no evidence showing that petitioner had committed any offense in Seminole county.   Attached to the petition is a copy of the record and a transcript of the testimony taken at the preliminary hearing.   This discloses that petitioner is charged with making a certain contract with one Lew Wilder and S. W. Brown, in which he claims to be the owner of certain lands in Seminole county, and contracts with said Wilder and Brown to

secure evidence for and to establish his title. This contract was executed before a notary public in Creek county. There is no evidence whatsoever that any part of the execution and delivery of the contract took place in Seminole county. In this hearing it was stipulated by the county attorney that the contract in fact wa's executed and delivered in Creek county. The only basis for a prosecution in Seminole county is that, subsequent to the execution and delivery of the contract, the said Wilder and Brown filed the same of record in Seminole county.

The theory of the state is that the petitioner was not the owner of the land in question, and that his pretence of claiming it in the contract and executing a contract in the name of the owner amounts to forgery. The complaint pleads the contract as the instrument forged.

It is only when the complaint or information upon which defendant is being prosecuted is so fundamentally defective that by no intendment is any crime charged against the party in custody, and it is apparent that the charge cannot be amended to state an offense, that the petitioner will be discharged on habeas corpus. In such case, under the conditions stated, he is entitled to be discharged either before or after conviction. Ex parte Show, 4 Okla. Cr. 416, 113 P. 1062; Ex parte Thornton, 29 Okla. Cr. 382, 234 P. 217; Ex parte Sneed, 38 Okla. Cr. 81, 259 Pac. 156.

Article 2, § 20, of the state Constitution, provides that in criminal prosecutions the accused shall have the right to a speedy and public trial in the county in which the crime shall have been committed. Where an accused is charged with forgery, the venue is in the county where the forgery was actually committed. 26 C. J. 929. It is obvious that, where a complaint upon its face shows

that the offense was committed in some other county, the court is without jurisdiction to put the accused on trial. See Egan v. Knewel (D. C.) 298 F. 784; Ex parte Brinkman, 93 W. Va. 351, 116 S. E. 757; Scott and Roe, Habeas Corpus, 290. Where an accused is charged with an offense in a court having general jurisdiction of the offense charged, this court will not discharge him on habeas corpus, unless the complaint on its face discloses that the court is without jurisdiction in the particular case, as where it is undisputed that the offense charged was outside the territorial jurisdiction of the court; that is, that it is undisputed that the offense charged was not committed in the territorial jurisdiction of the court in which the prosecution is being conducted.

In 29 C. J. 67, 54b, it is said: "But a prisoner held under indictment or information may be discharged on habeas corpus where the court in which he is held to answer or the grand jury finding the indictment had no jurisdiction of the particular offense charged, as where the offense charged was not committed within the territorial jurisdiction, or where the process was issued in a case not allowed by law, or where the indictment was found without any legal evidence, or where the grand jury had no legal evidence, or where the grand jury had no legal existence."

Here the complaint shows that the offense, if committed, was committed in Creek county. It appearing from the complaint and being further stipulated that the acts constituting the offense were done in Creek county, it is therefore apparent that the venue is not in Seminole county but in Creek county, and that, as the crime charged was not committed within the territorial jurisdiction of the court, the court is without jurisdiction to try the petitioner for the alleged offense.

The writ is therefore awarded and the petitioner discharged.

DAVENPORT and CHAPPELL, JJ., concur.