## TERRY v. UNITED STATES.
### No. 8306.

District Court, W. D. Washington, S. D.
March 22, 1933.

Robert B. Abel, of Tacoma, Wash., for plaintiff.

Anthony Savage, U. S. Atty., of Seattle, Wash., Joseph A. Mallery, Asst. U. S. Atty., of Tacoma, Wash., and Robert W. Brown, Major, J. A. G. D., U. S. Army, of Fort Lewis, Wash., for defendant.

This matter is for decision upon a general demurrer to plantiff's amended petition for a writ of habeas corpus requiring the warden of the United States penitentiary on McNeil's Island to produce the plaintiff in court and for his release from confinement.

The amended petition alleges that plaintiff enlisted in the United States Army March 7, 1927; that he was honorably discharged September 11, 1929; that no charges were preferred against petitioner while he was a member of the United States Army; that petitioner was not arrested or held in custody prior to his discharge; that charges were preferred against him in November, 1929; that by these charges he was accused of—while he was serving in the United States Army—having embezzled moneys of the United States intended for the military service and of presenting for payment a false and fraudulent claim against the United States in violation of the 94th Article of War (Act of June 4, 1920, c. 227, subchapter 2, § 1, 41 Stat. 805, 10 USCA § 1566).

It is further alleged that by general court-martial he was sentenced to ten years at hard labor; that the sentence and commitment of petitioner thereon—after approval of the sentence by Brig. General Castner—were void and in violation of the 5th and 6th Amendments to the Constitution.

CUSHMAN, District Judge (after stating the facts as above).

The 94th Article of War (Act of June 4, 1920, c. 227, subchapter 2, § 1, 41 Stat. 805, 10 USCA § 1566), in so far as material, provides:

"Any person subject to military law who makes or causes to be made any claim against the United States or any officer thereof, knowing such claim to be false or fraudulent; or

"Who presents or causes to be presented to any person in the civil or military service thereof, for approval or payment, any claim against the United States, or any officer thereof, knowing such claim to be false or fraudulent; or * * *

"Who steals, embezzles, knowingly and willfully misappropriates, applies to his own use or benefit, or wrongfully or knowingly sells or disposes of any ordinance, arms, equipments, ammunition, clothing, subsistence stores, money, or other property of the United States furnished or intended for the military service thereof; * * *

"Shall, on conviction thereof, be punished by fine or imprisonment, or by such other punishment as a court-martial may adjudge, or by any or all of said penalties. And if any person, being guilty of any of the offenses aforesaid while in the military service of the United States, receives his discharge * * * he shall continue to be liable to be arrested and held for trial and sentence by a court-martial in the same manner and to the same extent as if he had not received such discharge. * * * "

The 39th Article of War (Act of June 4, 1920, c. 227, subchapter 2, § 1, 41 Stat. 794, 10 USCA § 1510) provides: "Except for desertion committed in time of war, or for mutiny or murder, no person subject to military law shall be liable to be tried or punished by a court-martial for any crime or offense committed more than two years before the arraignment of such person: Provided, That for desertion in time of peace or for any crime or offense punishable under articles 93 and 94 of this Code the period of limitations upon trial and punishment by court-martial shall be three years: Provided further, That the period of any absence of the accused from the jurisdiction of the United States, and also any period during which by reason of some manifest impediment the accused shall not have been amenable to military justice, shall be excluded in computing the aforesaid periods of limitation: And provided further, That this article shall not have the effect to authorize the trial or punishment for any crime or offense barred by the provisions of existing law."

The 5th Amendment to the Constitution, in so far as material, provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land * * * forces. * * * "

The particular question is as to the meaning of the words "cases arising in the land * * * forces." Do the words refer to the time the offense is alleged to have been committed or the time steps are taken looking to a trial for the offense. The Supreme Court, in discussing the 5th Amendment, said, in Ex parte Milligan, 71 U. S. 2 at page 123, 18 L. Ed. 281: "The discipline necessary to the efficiency of the army and navy, required other and swifter modes of trial than are furnished by the common law courts; and, in pursuance of the power conferred by the Constitution, Congress has declared the kinds of trial, and the manner in which they shall be conducted, *for offences committed while the party is in the military or naval service.*" (Italics now supplied.)

The petitioner has not shown the 5th Amendment to have been violated. See, also, In re Bogart, Fed. Cas. No. 1596 and Ex parte Jolly (D. C.) 290 F. 858.

The 6th Amendment has not been violated for petitioner had no right to a jury trial. Kahn v. Anderson, 255 U. S. 1, 8, 41 S. Ct. 224, 65 L. Ed. 469.

The demurrer will be sustained and the rule discharged.

The clerk is directed to notify the United States Attorney at Tacoma, Major Robert W. Brown, Judge Advocate, United States Army at Fort Lewis, Wash., and the attorney for petitioner of this ruling.