**KRONBERG v. WHITE et al.**

No. 27757.

United States District Court
N. D. California, S. D.

June 1, 1949.

William Farnum White, San Francisco, Cal., for plaintiff.

Frank J. Hennessy, U. S. Attorney, San Francisco, Cal., Joseph Karesh, Ass't. U. S. Attorney, San Francisco, Cal., for defendants.

ROCHE, Chief Judge.

This matter is before the court on two motions for summary judgment as to plaintiff's first cause of action in which he seeks damages for false arrest and false imprisonment. Plaintiff has moved for summary judgment, interlocutory in character, on the issue of liability alone. Defendants Major General Willis H. Hale, Colonel Wentworth. Goss and M/Sgt. Harold M. Dart have likewise moved for summary judgment. Pursuant to stipulation, the action has been dismissed as to the defendants Colonel Thomas B. White, M/Sgt. Joseph Glass and Major Ivan A. Allen. The motions have been submitted on an agreed statement of facts.

The basic question for decision is whether the military had jurisdiction to arrest this civilian plaintiff under the 94th Article of War, 10 U.S.C.A. § 1566. This Article deals with frauds against the United States and the applicable portion reads: "If any person, being guilty of any of the offenses aforesaid or who steals or fails properly to account for any money or other property

held in trust by him for enlisted persons or as its official custodian while in the military service of the United States, receives his discharge or is dismissed or otherwise separated from the service, *he shall continue to be liable to be arrested and held for trial and sentence by a court martial in the same manner and to the same extent as if he had not been so separated therefrom.*" (Emphasis supplied.) Plaintiff's suit arose out of his arrest and imprisonment pursuant to this provision.

The agreed statement sets forth the following facts. Plaintiff was discharged from the Air Force at Hamilton Field, Marin County, California, on April 7, 1947. On April 29, 1947, while he was in uniform, he was arrested by San Francisco police. He was taken to the Taraval Police Station and the Provost Marshal at Hamilton Field notified, the police suspecting plaintiff of being absent without leave. The Provost Marshall sent two Criminal Investigation Division agents, one of whom was the defendant Dart, to Taraval Police Station to make an investigation and report and upon the plaintiff's statement that he had been discharged from the Army, a Special Agent of the Federal Bureau of Investigation was called in to assist in the case. Both plaintiff and his wife consented to a search of their home by the Special Agent, with the resultant discovery of a parachute and many articles of Army clothing and other gear, valued at more than $700, plus three letters indicating that this property had been fraudulently procured.

Plaintiff, who was still being held at the Police Station, then stated that the parachute had been issued to him at Hill Field, Utah, and that he had not got around to turning it in, and that all the Army clothing had been purchased at surplus stores.

Between ten and eleven o'clock on the night of April 29, one of the CID agents reported by telephone to the Provost Marshal, who directed him to arrest and bring in the plaintiff. This was done and the plaintiff was confined in the Guardhouse at Hamilton Field, pending trial under the 94th and 96th Articles of War, 10 U.S.C.A. §§ 1566, 1568. On July 11, 1947, court-martial charges under the 94th Article of War were filed, alleging that plaintiff had knowingly

and unlawfully applied to his own use one parachute and had feloniously taken and carried away the remaining government property discovered when his home was searched. These charges were served on the plaintiff on July 14, 1947, on which date he filed in this court a petition for writ of habeas corpus and an order to show cause issued. This order was heard on July 21, 1947, when by stipulation the petition was dismissed and the order to show cause discharged and plaintiff was released from military control to the United States Marshal and held in bail set at $500. The present action for damages was filed in the state court and removed to this court by certiorari.

The parties have stipulated that the following four issues are to be determined at this time: (a) Did defendant Colonel Wentworth Goss (commanding officer at Hamilton Field during plaintiff's confinement) have jurisdiction to arrest the plaintiff under the 94th Article of War; (b) Assuming that Colonel Goss had such jurisdiction, did it lapse by reason of the lengthy delay before filing court-martial charges under the 94th Article; (c) Is the plaintiff entitled to actual damages by reason of his confinement from April 29, to July 22, 1947; (d) Is the plaintiff entitled to punitive damages because of such confinement.

 Jurisdiction is the critical issue and it depends, in the first instance, on the constitutionality of Article 94. It is undisputed that plaintiff had served in the Army, had been honorably discharged, and was a civilian at the time of his arrest. It is further undisputed that he was not subjected to military arrest and imprisonment until after investigation had disclosed a substantial quantity of Government property in his possession, together with letters indicating strongly that such property had been either illegally obtained while he was in the service or illegally retained after his discharge. He therefore came squarely within the provision of Article 94 that makes the discharged soldier who is guilty of defrauding the Government liable to military arrest and court-martial in the same manner and to the same extent as if he had not been separated from the service. Thus in ordering and making the arrest the defendants were not acting maliciously or in bad faith but, on the contrary, were performing a duty authorized by law and one which they had probable cause for believing necessary.

Plaintiff, however, takes the position that probable cause and good faith are unimportant because the pertinent provision of the 94th Article violates the Fifth Amendment which guarantees prosecution by presentment or indictment of a Grand Jury "except in cases arising in the land or naval forces." Plaintiff argues that a "case" has not arisen until some step toward prosecution has been taken and if no step is taken prior to the soldier's return to civilian status, Congress is powerless to extend military jurisdiction over such discharged soldier.

There is some merit in the plaintiff's contention, particularly in view of the fact that our legal and political philosophy has never encouraged the extension of military jurisdiction over civilians, and it is unfortunate that this important question has never reached the higher courts for a definitive answer. With one exception, the few cases that have considered the point have held the provision constitutional. The first reported decision is that of In re Bogart, 3 Fed.Cas. 796, 799, No. 1,596, decided in 1873. There the court construed the phrase "cases arising", as used in the Fifth Amendment, to mean "events occurring" and held that, so construed, it covered an offense committed while the person was serving with the armed forces, even though prosecution was not instituted until after his discharge. The Bogart case was followed in Ex parte Joly, D.C., 290 F. 858, and Terry v. United States, D.C., 2 F.Supp. 962. The Joly case also stressed the fact that the 94th Article had been on the books since 1863 without being declared unconstitutional. The more recent case of United States ex rel Flannery v. Commanding General, D.C., 69 F.Supp. 661, held the Article unconstitutional, the court basing its decision on much the same grounds as those advanced in this case. The Flannery case was reversed by stipulation in the Court of Appeals for the Second Circuit, without opinion.

 In view of the foregoing and since a statute's unconstitutionality will not

be presumed, the Court holds that the pertinent provision of Article 94 is valid and plaintiff's arrest was thus within the jurisdiction of the defendant Goss.

There follows, then, the question whether jurisdiction was lost because plaintiff was held for 74 days before court-martial charges were filed, plaintiff contending that the delay was excessive and in violation of Article of War 70, 10 U.S.C.A. § 1542, which governs investigation and filing procedure in court-martial proceedings. While authority is divided on the question of whether the provisions of Article 70 are jurisdictional, the most recent cases hold that they are not—see Durant v. Hiatt, 81 F.Supp. 948, 949, and Humphrey, Warden etc. v. Smith, 69 S.Ct. 830. Even if they were, the delay in this case was not excessive, the record disclosing that extensive investigation both here and on the East coast was necessary before the charges could be drawn. The jurisdiction that validly attached was thus not lost and defendants are not liable in either actual or punitive damages.

It is, therefore, by the Court Ordered that plaintiff's motion for summary judgment as to the first cause of action, on the issue of liability alone, be and the same is hereby Denied and that defendants' motion for summary judgment be and the same is hereby Granted.