Application of Elmer Thomas HOOD for a Writ of Habeas Corpus.

No. A–13270.

Court of Criminal Appeals of Oklahoma.

Sept. 26, 1962.

Don Anderson, Public Defender of Oklahoma County, for petitioner.

James H. Harrod, County Atty., D. K. Cunningham, Asst. Co. Atty., for respondent.

BUSSEY, Judge.

The petitioner, Elmer Thomas Hood, seeks his release from confinement in the Oklahoma County Jail where he is currently incarcerated in lieu of posting bond by virtue of an order of commitment issued in District Court Case #27830, wherein he is charged under the provisions of Title 21 O.S.A. § 435.

It is the contention of the petitioner that the information under which he stands charged fails to state facts sufficient to constitute a violation of Title 21 O.S.A. § 435. Petitioner argues that the Court should assume original jurisdiction, and that the relief prayed for can be granted under the authority of Ex parte Davis, 72 Okl.Cr. 152, 114 P.2d 186 and Ex parte A. H. Thornton, 29 Okl.Cr. 382, 234 P. 217.

It should be observed that in each of the cases above cited, that the defendants were charged, tried and convicted, and there was no further juridical ruling to be made and entered by the trial courts.

Herein lies the distinction between the cases relied upon, supra, and the case at bar. In the case at bar, the constitutionality of the statute under which the petitioner stands charged is not questioned. The facts giving rise to such charge are set forth in clear, concise and unambiguous language and are in proper form.

From the record before us it does not appear that the petitioner has sought to attack the sufficiency of the information in District Court Case #27830 by interposing a demurrer thereto, but to the contrary, it appears that he instituted an application for a writ of Habeas Corpus and that the same was denied by the Honorable Clarence Mills in District Court Case # 157267.

We are of the opinion that this matter is not properly before us at this time. The petitioner should raise his question by way of demurrer to the amended information in Case #27830.

If the demurrer is overruled, he may again raise the issue at any time prior to the rendition of judgment and sentence.

The trial court has continuing jurisdiction to determine the issue herein raised at any stage of the proceedings, and until the defendant has either been acquitted by the jury or convicted, and his motion for a new trial passed upon by the Court.

The petitioner may take exceptions to any ruling of the trial court, and on an appeal from a judgment and sentence, this Court will pass upon any question that is properly excepted to and preserved in the record.

Following the rule that:

"The Writ of Habeas Corpus is not a substitute for appeal and may not be issued to correct errors of law occuring in the trial proceedings." Ex parte Conway, 97 Okl.Cr. 1, 256 P.2d 189; Ex parte Giles, 97 Okl.Cr. 292, 262 P.2d 909;

we are of the opinion that the Writ prayed for should be, and the same is hereby, denied.

NIX, P. J. and BRETT, J., concur.