**Thomas Lee SHELTON, Petitioner,**

**v.**

**The STATE of Oklahoma, to Robert R. Raines, Warden of Oklahoma State Penitentiary, McAlester, Oklahoma, Respondents.**

**No. A–13338.**

Court of Criminal Appeals of Oklahoma.

April 10, 1963.

See also 375 P.2d 167.

Thomas Lee Shelton, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an original proceeding for a Writ of Habeas Corpus filed by the petitioner, Thomas Lee Shelton, who was convicted in the District Court of Noble County, Oklahoma for the crime of Manslaughter and was sentenced to 99 years in the Oklahoma State Penitentiary.

Petitioner contends that he was forced to trial with an attorney who lacked in sympathy and interest because of prejudice. This is not a question to be raised on Habeas Corpus and this Court held in the case of Harvey v. Raines, 368 P.2d 258:

> "Writ of habeas corpus cannot be invoked for the purpose of reviewing the action of courts of record where the court acted within its jurisdiction, nor can the writ of habeas corpus be used for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

See also, In re Hood, Okl.Cr., 375 P.2d 163.

Petitioner has filed only an unverified petition with no documents attached to enlighten the court of factual accounts.

 In habeas corpus proceeding, burden is upon petitioner to prove the grounds upon which he relies for his release and unsupported statements do not meet requirements of proof. Lavender v. McLeod, Okl.Cr., 325 P.2d 1080.

This Court further held in Re Salisbury, 363 P.2d 380:

> "Where inmate of penitentiary wishes to challenge judgment and sentence pronounced against him, he should attach to his petition for writ of habeas corpus a certified copy of the information, and a certified copy of such judgment and sentence.

> \* \* \* \* \* \*

> "In habeas corpus proceeding, prisoner who failed to attach certified copy of information, and of judgment and sentence, did not make out a prima facie case for release from confinement in penitentiary."

For the above reasons, the petition for Writ of Habeas Corpus is accordingly denied.

BUSSEY, P. J., and JOHNSON, J., concur.