Ex parte ALVIE STINNETT.

No. A-9977.   Jan. 29, 1941.
(110 P. 2d 310.)

Carl C. Wever, of Pawhuska, for petitioner.

Mac Q. Williamson, Atty. Gen., and Owen C. Watts, Asst. Atty. Gen., for respondent.

DOYLE, J. On behalf of Alvie Stinnett, a duly verified petition for writ of habeas corpus by which petitioner seeks to secure his release by order of this court from the custody of Jess F. Dunn, warden of the State Penitentiary at McAlester, was filed in this court and presented to the Presiding Judge. Thereupon a rule to show cause was entered and issued, returnable December 17, 1940.

It appears, both by the petition herein and the response to the rule to show cause, issued thereon, that petitioner was, on November 10, 1930, by the judgment of the district court of McCurtain county, on his plea of guilty, sentenced to be imprisoned at hard labor in the

State Penitentiary for life for the crime of murder alleged to have been committed on or about the 1st day of September, 1930, by striking one Beatrice Stinnett with a stick of wood, thereby inflicting certain mortal wounds from the effects of which she then and there died.

It is alleged that petitioner is a negro, illiterate, ignorant, and is entirely uninformed as to court proceedings and under the impression that the only thing he could do was to enter the plea of guilty, which he did; that his imprisonment was unlawful, without authority of law, and that petitioner was deprived of his liberty without due process of law.

It is further alleged:

"That the proceedings had on this petitioner's plea of guilty was illegal and void, and the judgment and sentence was void under the statutes of Oklahoma, the Bill of Rights, and the Federal Constitution; that a copy of the information charging your petitioner with the crime of murder was not served on your petitioner with the list of witnesses to be called on the part of the state with the post office addresses endorsed thereon; that there was not a list of the state's witnesses to be used in chief on the part of the state served upon your petitioner 24 hours before the case was called for trial; that your petitioner was not given 24 hours in which to enter his plea at the time of his arraignment; that your petitioner was not advised by the court of his constitutional right to have counsel before arraignment; that the court failed and neglected to advise your petitioner if he desired the aid of counsel at the time of his arraignment and had no funds in which to procure counsel, that the court would appoint him counsel.

"That the court failed and neglected to inquire of petitioner before passing judgment and sentence if he had any cause or reason why judgment and sentence should not be pronounced against him; that your petitioner entered his plea of guilty without being fully advised by the court of his rights and consequences of his plea; that your

petitioner's plea of guilty was not free and voluntary as required by law, but by fear and ignorance; that your petitioner did not waive any of his statutory or constitutional rights, and was not asked by the court to waive any of his statutory or constitutional rights.

"Your petitioner says that by reason thereof that his confinement to the penitentiary is unlawful and without authority of law, and that he has been denied a fair and speedy trial as guaranteed by the Bill of Rights, and that he is entitled to be discharged from such unlawful imprisonment."

Attached to the petition is a copy of the original complaint filed before M. D. Deck, justice of the peace, Idabel district, said county and state, and a duly certified transcript of the proceedings had before said committing magistrate, white omitting title and certificate is as follows:

"Information by complaint, duly verified and properly indorsed by L. E. Miffin, County Attorney of McCurtain County, Oklahoma, charging the defendant, Al Stinnett, with the crime of murder, having, on the 10th day of November, 1930, been filed before me, M. D. Deck, Justice of the Peace, Idabel District, and of McCurtain County, Oklahoma, and upon which complaint, a warrant for the arrest of the said Al Stinnett was issued and placed in the hands of an officer, who arrested the said Al Stinnett, and he was forthwith brought before me M. D. Deck, Justice of the Peace as aforesaid, and there advised of his right to counsel, waived arraignment, and plead not guilty, and was committed to jail without bond, and trial day set for the 17th day of November, 1930.

"And, thereafter and on the 10th day of November, 1930, this cause coming on for trial, the defendant, Al Stinnett, appearing and requested that he have a trial and without further delay, and instanter, and thereupon the state appearing by L. E. Mifflin, and the defendant appearing in person, thereupon being duly arraigned, the defendant waived preliminary trial and the taking of testimony and indicated that he wanted to plead guilty to the

charge as set forth and the court being well and sufficiently advised in the premises finds:

"It is therefore, ordered, adjudged and decreed by the court that the evidence and proofs heard in this cause be and the same is sufficient to show that the crime as set forth in said complaint has been committed, and that the same tends reasonably to show the probable guilt of the defendant in the commission thereof, and it is further ordered that the defendant, Al Stinnett be and he is held to answer in the District Court of McCurtain County, Oklahoma, to the charge of murder, without benefit of bail.

"M. D. Deck,
"Justice of the Peace."

It appears that on the same day the complaint with transcript of the proceedings had before the committing magistrate was filed in the district court of McCurtain county, Hon. Geo. T. Arnett, District Judge.

The record shows:

"The following being the minutes taken on this date in District Criminal Case No. 2196, State of Oklahoma vs. Alvie Stinnett, along with other proceedings had on the same date in other cases, and recorded in the district court journal.

"State of Oklahoma vs. Alvie Stinnett. No. 2196.

"Now on this 10th day of November, 1930, the same being a regular day of the September, 1930 term of this court this cause comes on for arraignment, whereupon defendant is arraigned, says his true name is Alvie Stinnett, waives time, pleads guilty to crime of murder, and is sentenced to life imprisonment in State Penitentiary, and costs of prosecution."

This court has held repeatedly that in cases of this kind, where the defendant is charged with a capital offense, he should have the advantage of every right which the law secures to him upon his trial.

The Bill of Rights provides that in all criminal prosecutions the accused "shall have the right to be heard by himself and counsel; and in capital cases, at least two days before the case is called for trial, he shall be furnished with a list of the witnesses that will be called in chief, to prove the allegations of the indictment or information, together with their postoffice addresses." Const. art. 2, sec. 20.

The right of the accused to the assistance of counsel in making his defense has long been regarded in this country as essential to the due administration of justice in criminal cases.

Says Mr. Cooley: "With us it is a universal principle of constitutional law that the prisoner shall be allowed a defense by counsel." Const. Lim. 334.

In order that the accused may have the full benefit of this constitutional right, the Code of Criminal Procedure provides:

"If the defendant appear for arraignment, without counsel, he must be informed by the court that it is his right to have counsel before being arraigned, and must be asked if he desire the aid of counsel. If he desires, and is unable to employ counsel, the court must assign counsel to defend him." Section 2929, O. S. 1931, 22 Okla. St. Ann. § 464.

In Polk v. State, 26 Okla. Cr. 283, 224 P. 194, it was held:

"Under our laws every person accused of felony is entitled to aid of counsel at every stage of the proceedings, whether imprisoned or admitted to bail, and refusal of opportunity to procure such counsel amounts to a deprivation of a right essential to his safety."

Construing the second provision of section 20 of the Bill of Rights, above quoted, the uniform holding of this court is that, in a capital case, the defendant does not have

to demand a list of the witnesses, together with their post-office addresses; that the Constitution makes that demand for him, and, unless he waives it he cannot be legally put upon trial until that demand has been complied with. Spess v. State, 13 Okla. Cr. 277, 164 P. 131; Goben v. State, 20 Okla. Cr. 220, 201 P. 812; Polk v. State, 26 Okla. Cr. 283, 224 P. 194.

The uniform holding of the courts is that, in a capital case, a plea of guilty can only be entered after the defendant has been fully advised by the court of his rights and the consequences of his plea; and where it appears on appeal from a judgment of conviction that the defendant has been denied a right guaranteed by the Constitution, such showing requires a reversal, unless the record clearly shows that the right was waived, or that no injury could have resulted to the accused by reason of such denial. Howington v. State, 30 Okla. Cr. 243, 235 P. 931; Mullen v. State, 28 Okla. Cr. 218, 230 P. 285.

In the case of Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18, the questions here presented were discussed and the authorities reviewed, and this court held:

"When a person is held in custody under a void order of commitment, or is imprisoned without due process of law under the sentence of any court of the state, it is court's duty upon habeas corpus to inquire into the illegality of the commitment when the matter is properly before it, and, if it be adjudged that the order of commitment was made without authority of law, the person will be entitled to a discharge from custody. Okla. St. Ann. Const. Bill of Rights, § 7. * * *

"Under the Bill of Rights, an accused has the right to consult with counsel and to be fully advised as to his rights, and as to the consequences of his act before entering his plea to the indictment or information. Okla. St. Ann. Const. Bill of Rights, § 20. * * *

"In a felony case where the defendant is unable to employ counsel and is incapable adequately of making his own defense because of ignorance, feeble-mindedness, illiteracy, or the like, it is the duty of the court, whether requested or not, to assign counsel for him as a necessary requisite of due process of law.

"One charged with a crime is as much entitled to assistance of counsel in preparing for trial as at the trial itself.

"A 'waiver' is ordinarily an intentional relinquishment or abandonment of a known right or privilege.

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss.

"Whether one accused of crime has waived his right to assistance of counsel for the defense depends on the particular circumstances of the case, including the background, experience, and conduct of the accused.

"Habeas corpus was available remedy to one who without assistance of counsel, and without having effectively waived his constitutional right to assistance of counsel, was convicted and sentenced, where expiration of time rendered relief by an application for a new trial or by appeal unavailable.

"A plea of guilty should be entirely voluntary and should be made by one competent to know the consequences thereof and should not be accepted until after the defendant has been fully advised by the court of his rights and the consequences of his plea.

"Where accused did not have assistance of counsel and did not effectively waive constitutional right to assistance of counsel for his defense, conviction was void as having been rendered without jurisdiction. Okla. St. Ann. Const. Bill of Rights, § 20."

In the recent case of Bowen v. Johnston, Warden, 306 U. S. 19, 59 S. Ct. 442, 444, 83 L. Ed. 455, Mr. Chief Justice Hughes, delivering the opinion of the Supreme Court of the United States, said:

"The scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged. * * *

"But if it be found that the court had no jurisdiction to try the petitioner, or that in its proceedings his constitutional rights have been denied, the remedy of habeas corpus is available. * * *

"It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired. Ex parte Lange [18 Wall. 163, 21 L. Ed. 872], supra."

In Sutton v. State, 35 Okla. Cr. 263, 250 P. 930, 934, it is said:

"It is true that many constitutional guaranties may be waived by an accused person who comes into court represented by counsel and being fully advised of all his rights, and in such cases it might be said that he waives a right for which he does not ask. However, the record in this case shows that appellant did not waive any constitutional or statutory right, except in so far as his plea of guilty waived his right to be tried by a jury. In our opinion the constitutional right to be represented by counsel and the right in capital cases, at least two days before the case is called for trial, to be furnished with a list of the witnesses, together with their post office addresses, are essential to due process of law guaranteed to the citizen by section 7, Bill of Rights. We are inclined to think that a conviction had by a denial of these constitutional rights simply amounts to judicial lynch law."

And see Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41.

Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial according to the due and orderly course of the law, and it is a duty resting upon the courts to see that the guaranty of

such a trial, conferred by the laws upon every citizen, shall be upheld and sustained.

While promptness in the apprehension and trial of persons accused of crime is commendable, the law has provided how trials should be had, and the enforcement of law is to be arrived at only by adhering to legal requirements and principles of justice and fair trials as provided by constitutional provisions, legislative enactment, and well-established rules of law.

It has been well said that the law is not designed to be a swift engine of oppression and vengeance, but it was and is designed to try and convict men only after due hearing and a fair trial.

If the principles set forth and the conclusions reached in the foregoing opinions and authorities therein cited are true and correct, and we think they are, it follows that petitioner is unlawfully imprisoned and restrained of his liberty without due process of law, and that he is entitled to be discharged from the imprisonment of which he complains. He is therefore by the judgment of this court discharged therefrom.

The clerk of this court will forthwith forward to the respondent, warden of the State Penitentiary at McAlester, a duly certified copy of this opinion, and upon receipt of the same, said warden is hereby commanded forthwith to deliver into the custody of the sheriff of McCurtain county the petitioner, Alvie Stinnett, who is directed to safely keep said petitioner in custody pending the disposition of the crime charged against him in the district court of McCurtain county, in case No. 2196, or until he is otherwise discharged in due course of the law.

BAREFOOT, P. J., and JONES, J., concur.