## In re LUVEANIA THREATT.

No. A-10551.   Sept. 6, 1944.

(151 P. 2d 816.)

Ross N. Lillard and David Tant, both of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondents.

JONES, P. J. This is an original proceeding in habeas corpus instituted by the petitioner, Luveania Threatt, also known as Luvenia Beatrice Simpson, through her attorneys to secure her release from confinement in the Rapid Treatment Hospital, at Rush Springs, Okla.

The petition was verified by one of petitioner's attorneys and alleged that the petitioner was a colored girl of about 18 years of age and employed as a fountain girl by a drug company in Oklahoma City; that she was illegally arrested on July 20, 1944, by a policeman of Oklahoma City, and incarcerated in the city jail and charged with vagrancy; that on the 21st day of July, 1944, she was found guilty by the municipal court of Oklahoma City of the offense of vagrancy and assessed a fine; that, thereafter, without her consent and over her protest, the State Superintendent of Health transferred her to the Rapid Treatment Hospital for treatment of venereal disease, located at Rush Springs, Okla., where she is now confined.

Said petition further alleged that the pretended conviction in the municipal court was void, and that petitioner was arrested without a warrant and, in fact, had committed no offense against the ordinances of Oklahoma City or the laws of the State of Oklahoma; that the pretended order upon which petitioner was transferred to the Rapid Treatment Hospital was without authority of law; that the petitioner is not infected with any venereal disease; that application for a writ of habeas corpus was filed in the district court of Oklahoma county, and denied by one of the judges of said court.

The State Superintendent of Health and the Superintendent of the Rapid Treatment Hospital filed a joint response in which they alleged that subsequent to the

arrest of petitioner on the charge of vagrancy an examination was made of her person pursuant to law to disclose whether she was infected with a venereal or other contagious or infectious disease; that said examination disclosed that the petitioner was suffering from a venereal disease; that a report of said examination was made to the State Superintendent of Health, and, pursuant to the duties imposed upon him by statute, and, pursuant to a voluntary application signed by the petitioner, the State Superintendent of Health entered an order quarantining the said petitioner and designating the Rapid Treatment Hospital, located at Rush Springs, Okla., as the place of quarantine and treatment of said petitioner.

A hearing was had before this court, and the evidence showed that the petitioner was suffering from a chronic case of gonorrhea which had been overlooked by her physician when he issued her a health certificate which enabled her to secure employment with the drug company. Also, there was introduced in evidence on the part of the respondents an application for treatment which was admittedly signed by the petitioner and which reads as follows:

"I, Luvenia Beatrice Simpson, 18, hereby voluntarily make application to the Rush Springs Rapid Treatment Hospital to receive such treatment for venereal disease, as, in the opinion of the attending physician may be indicated in my case. The procedure, potential benefits, and risks of receiving the treatment have been explained to me by the attending physician, Charles A. Shumate, M.D., and are understood by me.

"In consideration of my receiving this treatment, I hereby assume all risks of such treatment and release the United States Public Health Service, the Oklahoma State Department of Health, and their personnel from all lia-

bility which may result from the treatment.
"July 24, 1944.

"(Signed) Luvenia Beatrice
Simpson."

This application was never withdrawn and petitioner had not expressed a desire to be released. Counsel who appeared for petitioner did so at the request of petitioner's family who live in Oklahoma City.

The procedure followed in the commitment of petitioner to the Rapid Treatment Hospital, the nature of the treatments given, the length of time necessary for a cure of the disease were detailed by the Superintendent of the Hospital. It was also shown that the petitioner had exposed a sailor to the said venereal disease, and that to allow her discharge from the Hospital before being cured would be dangerous to the public health.

The purpose of the writ of habeas corpus being to release from unlawful restraint those persons being held contrary to their will and without legal authority, it is also true that where the record discloses that the petitioner is not being restrained contrary to her will and without legal authority, that the writ will be denied. Here the petitioner is confined for treatment at her own voluntary request, and, being so confined, it becomes unnecessary to consider the many other issues raised by counsel for petitioner as to the lawfulness of the arrest of petitioner and the validity of the rules and regulations of the State Department of Health where they quarantine and order committed to institutions for treatment those persons whose names have been certified to them as being afflicted with a venereal disease.

The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.