## In re JACK DAY.

No. A-10500. March 20, 1946.

(167 P. 2d 380.)

John L. Ward, of Tulsa, for petitioner.

Randell S. Cobb, Atty. Gen., for respondent.

JONES, P. J. The petitioner, Leo Day, acting by and through his father, Jack Day, instituted this original proceeding in habeas corpus to secure his release from confinement in the county jail of Tulsa county.

The principal contention of this petitioner was that he was a minor and that the evidence introduced at his preliminary examination before the court of common pleas of Tulsa county was wholly insufficient to show that any crime had been committed, and, also, that there was no probable cause to show that the petitioner had committed a crime. At the request of counsel for petitioner, the hearing on said petition was continued from time to time on account of the illness of said counsel. Counsel for petitioner did not recover from his illness and passed away during the pendency of this action. Thereafter, said cause was set for hearing and submitted upon the petition and demurrer thereto presented on behalf of respondent.

There is not attached to the petition a certified copy of the transcript of the evidence taken at the preliminary examination, so we are unable to determine just what proof was introduced at that time. There is, also, no allegation nor proof as to whether an information had been filed in the district court of Tulsa county against the petitioner.

This court has held that, after an indictment or information has been filed in the district court, the question of guilt or innocence will not be inquired into on habeas corpus. Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461, following Ex parte Patman, 20 Okla. 846, 95 P. 622.

Before an indictment or information is filed, the duty of a court in a habeas corpus hearing is similar to that of a magistrate in a preliminary examination and

determines only the particular restraint complained of. If the court hearing the matter discharge the accused, its order would not be final, as the prosecutor could again file a complaint and have another preliminary examination. Ex parte Johnson, supra; Ex parte Beville, 6 Okla. Cr. 145, 117 P. 725, 726.

In Ex parte Beville, supra, it is held:

"The courts exercise a supervising jurisdiction over the proceedings of an examining magistrate by means of habeas corpus, and inquire into the legality of the commitment and the question of probable cause."

An examination of the petition shows that it pleads only conclusions of law. Since there is no mention in the petition as to whether an information was filed in the district court, and, since there is not attached a transcript of the evidence taken before the magistrate at the time of the preliminary examination, the petition is insufficient for this court to determine whether the petitioner is deprived of his liberty without due process of law. Since the burden in a habeas corpus proceeding is on the petitioner to show his unlawful restraint, it follows that the petition for writ of habeas corpus be and the same is hereby denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.