## Ex parte W. S. PEAKER.

No. A-10700. June 20, 1946.

(170 P. 2d 264.)

Hulsey & Hulsey, of McAlester, for petitioner.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Claude Hendon, Co. Atty., of Shawnee, for respondent.

JONES, P. J.  This original action in habeas corpus was instituted by the petitioner, W. S. Peaker, to secure his release from confinement in the State Penitentiary.

The verified petition alleged in substance that on June 22, 1943, the petitioner was sentenced to serve a term of thirty-nine years in the State Penitentiary by the district court of Pottawatomie county on a charge of the crime of rape in the first degree, allegedly committed with his eleven year old daughter on June 17, 1943.

The petition alleges that the petitioner was ignorant and uneducated and had never been in any trouble before his arrest on June 21, 1943; that prior to his arrest he had been drinking to excess for many days, and that because of his drinking he had been having trouble with his wife, which instigated the filing of the complaint.

The petitioner further alleged that he was immediately after his arrest taken before a justice of the peace; that petitioner did not know anything about his constitutional and statutory rights, and that he was not

advised that he was entitled to have an attorney represent him before the justice of the peace; that the only thing said before the justice of the peace was by an arresting officer who told the justice of the peace that petitioner wanted to waive a preliminary examination.

The petition further alleges that the arresting officers informed defendant that he had been charged with raping his 11 year old daughter, and that if he should be tried on said charge that a jury might give him the electric chair, but that if he would go before the district judge and enter a plea of guilty, it would be arranged for him to be given a suspended sentence on account of the fact that he was engaged in war defense work.

That immediately after his arraignment before the justice of the peace, he was taken before the district judge; that the information filed charging him with rape, was read to him and the judge ordered him to be returned on the morning of June 22, 1943, to plead to the information; that he had no attorney at that time, and if the court said anything to him about the nature of the accusation or his right to counsel, he does not remember it; and that he did not intelligently waive any of his constitutional or statutory rights.

The petition further alleged that the petitioner was not guilty of the crime charged against him, and attached to the petition was an affidavit from the mother and the daughter in which they stated that the petitioner was not guilty of the crime charged against him.

A voluminous response was filed in which the respondent traced step by step all of the events which transpired prior to the arrest of the defendant and after his arrest and commitment to the State Penitentiary. At-

tached to the response were affidavits of the trial judge, the county attorney, the assistant county attorney, the arresting officers, in addition to the minutes of the proceedings on arraignment of the accused before the justice of the peace, and also at his arraignment before the district court of Pottawatomie county. There were also attached to the petition a signed statement of the defendant given to the county attorney at the time of his arrest wherein he confessed that he had an act of sexual intercourse with his daughter on the occasion in question, and a statement written out in longhand by the daughter of the petitioner at the time of his arrest in which she very vividly described the acts of the petitioner on the night of the alleged attack.

A hearing was had before this court and oral evidence was introduced. In addition, it was agreed that the affidavits and other exhibits attached to the petition and response should be considered as evidence in the case.

It has been many times stated that the purpose of a writ of habeas corpus is not to determine the guilt or innocence of the accused of the crime for which he was convicted and sentenced, but only to determine whether he is restrained of his liberty by due process of law, and whether the court which rendered judgment imposing the sentence was without jurisdiction. In re Maynard, 79 Okla. Cr. 215, 153 P.2d 505; In re Threatt, 79 Okla. Cr. 67, 151 P.2d 816.

The scope of review in a habeas corpus proceeding is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. In re Flowers, 71 Okla. Cr. 330, 111 P.2d 509.

This court has held that the remedy of habeas corpus is available where it is shown that in the proceedings resulting in the conviction of the accused his constitutional rights were denied. Ex parte Meadows, 71 Okla. Cr. 353, 112 P.2d 419; Ex parte Stinnett, 71 Okla. Cr. 184, 110 P.2d 310.

After an examination of the evidence in this case, it appears conclusively that the district court of Pottawatomie county had jurisdiction of the person of the accused and of the offense charged. The evidence as to the proceedings on the arraignment of the accused shows that he was fully informed of his constitutional and statutory rights. The record also disclosed that after the accused attempted to enter a plea of guilty, the district court refused to accept the plea and postponed his arraignment for 24 hours in which to give the petitioner time to see if he wished to enter a plea of guilty or not guilty. All of the evidence except the statement of petitioner himself shows that conviction of defendant was in accordance with due process of law, and there is nothing in the record to show lack of jurisdiction in the trial court to pronounce the judgment and sentence. The writ of habeas corpus is denied.

BAREFOOT, J., concurs. DOYLE, J., not participating.