## Ex parte W. S. PEAKER.

No. A-10974. June 16, 1948.

(194 P. 2d 893.)

140

W. S. Peaker, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, J. The petitioner, W. S. Peaker, has filed a verified petition in this court setting up certain facts allegedly surrounding his conviction of the crime of rape for which he is serving a sentence in the State Penitentiary, and further stating that he had filed a petition before the Honorable W. A. Lackey, judge of the district court of Pittsburg county, which was denied, and praying that this court grant an appeal from the order of

Judge Lackey denying the writ of habeas corpus, and on appeal to issue the writ of habeas corpus.

We have heretofore assumed original jurisdiction and heard a similar petition in habeas corpus filed on behalf of this petitioner. Ex parte Peaker, 82 Okla. Cr. 360, 170 P. 2d 264. In that case the facts pertaining to the conviction of the accused are fully related and we shall not encumber this opinion by again reciting the same.

Under the Constitution and statutes of Oklahoma, the district court, the Criminal Court of Appeals, and other courts of record, have concurrent original jurisdiction in habeas corpus actions. Art. 7, §§ 2, 10, 12, Oklahoma Constitution; 20 O. S. 1941 § 41.

See, also, State ex rel. Wester v. Caldwell, 84 Okla. Cr. 334, 181 P. 2d 843.

When a petition in habeas corpus is filed before any of said courts of record, the court before whom the petition is filed passes upon the matter before it and no appeal will lie from the judgment of the court. The action of the court, however, does not prevent the petitioner from again filing a petition for habeas corpus. Ordinarily, to prevent encumbering the docket of this court with a large number of habeas corpus cases, we require, as a rule of the court, that the petitioner first present his petition to the district court of the county where he is allegedly restrained of his liberty. In adhering to this rule, the petition in habeas corpus was first presented to the district court of the county where the petitioner was allegedly restrained of his liberty before the same was filed in this court.

Since no appeal will lie from the action of district court in refusing to issue the writ of habeas corpus on the petition of the prisoner, W. S. Peaker, we have dock-

142

eted the pleading which he filed herein as an original action to secure a writ of habeas corpus in this court.

In Ex parte Berrie v. State, 75 Okla. Cr. 115, 129 P. 2d 88, this court stated in the syllabus:

"Where Criminal Court of Appeals has denied application for writ of habeas corpus, it will not ordinarily entertain subsequent application for such writ on same grounds and facts or any other ground or facts existing when first application was made, whether presented then or not."

See, also, In re Arthur, 75 Okla. Cr. 315, 131 P. 2d 135; Ex parte Gray, 74 Okla. Cr. 200, 124 P. 2d 430.

A careful examination of the petition shows that it is based upon substantially the same allegations as were set forth in the first proceeding heard by this court hereinabove discussed.

We are unable to find anything in the record to indicate that the trial court was without jurisdiction to render the judgment which was rendered and for that reason the writ of habeas corpus is denied.

BAREFOOT, P. J., and BRETT, J., concur.