# Ex parte JOE PEARSON, Jr.

No. A-11035.  Sept. 23, 1948.

(198 P. 2d 226.)

Joe Pearson, Jr., of McAlester, pro se.

Mac Q. Williamson, Atty. Gen., for defendant in error.

JONES, J.  This is an original action instituted by the petitioner, Joe Pearson, Jr., to secure his release from confinement in the State Penitentiary.

It is contended by petitioner that if defendant is guilty of any crime, he is not guilty of rape in the first degree which is the crime for which he was tried and sentenced, and further alleges that the testimony of the prosecutrix was preposterous, unreasonable, and that there was no corroboration of her testimony.

Attached to the petition is an affidavit of Joe Pearson, Jr., pretending to set out the "actual" facts pertaining to the prosecution. In this affidavit, he admitted that he was having sexual intercourse with the prosecutrix when three policemen arrested him in an Oklahoma City park, but claimed the act was voluntary on the part of the prosecutrix and was committed at her suggestion.

In the recent case of Ex parte Peaker, 82 Okla. Cr. 360, 170 P. 2d 264, 265, it is stated:

"It has been many times stated that the purpose of a writ of habeas corpus is not to determine the guilt or innocence of the accused of the crime for which he was convicted and sentenced, but only to determine whether he is restrained of his liberty by due process of law, and whether the court which rendered judgment imposing the sentence was without jurisdiction. In re Maynard, 79 Okla. Cr. 215, 153 P. 2d 505; In re Threatt, 79 Okla. Cr. 67, 151 P. 2d 816.

"The scope of review in a habeas corpus proceeding is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged. In re Flowers, 71 Okla. Cr. 330, 111 P. 2d 509.

"This court has held that the remedy of habeas corpus is available where it is shown that in the proceedings resulting in the conviction of the acccused his constitutional rights were denied. Ex parte Meadows, 71 Okla. Cr. 353, 112 P. 2d 419. Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310."

If the conviction had been appealed to this court and the record had sustained the allegations set forth in the petition, the judgment of conviction might have been reversed or the sentence modified; but, since the writ of habeas corpus may not be used as a substitute for an appeal, we only examine the record to see whether the

court had jurisdiction of the person, of the subject matter, and jurisdiction to render the particular judgment which was rendered.

There are no allegations in the petition which are sufficient to challenge the jurisdiction of the trial court. The demurrer of the Attorney General therefore should be sustained and the petition for writ of habeas corpus denied. It is so ordered.

BAREFOOT, P. J., and BRETT, J., concur.