Ex parte FRANCIS B. NORRIS.

No. A-11176.   March 16, 1949.

(204 P. 2d 291.)

R. C. Searcy, of Tulsa, for petitioner.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, J. This is a verified petition for a writ of habeas corpus by Francis B. Norris complaining that he is unlawfully restrained by C. P. Burford, warden of the State Penitentiary. He alleges that the cause of the restraint is the judgment and sentence made and entered against him on November 26, 1947, in the district court of Garfield county, wherein he was charged with the crime of kidnapping his former wife Leona Norris and transporting her to the State of California.

Petitioner further says that the judgment and sentence and commitment is unlawful, wrongful and void in that he was denied statutory and constitutional rights. More particularly, he says that on the 13th of October, 1947, he was arrested in Tulsa county and removed to Garfield county on November 7, 1947, where he remained in jail until the 26th day of November, 1947. He further says that during this period of time he made numerous requests of the sheriff and county attorney to communicate with persons he was acquainted with, and with the county attorney in order that he might procure counsel and aid in his defense in connection with the charges contained in the information charged against him; that all these requests were denied. That on November 26, 1947, he was taken before the justice of the peace where the county attorney, without consult-

ing petitioner as to what he desired to do, informed the justice of the peace the petitioner was going to plead guilty, and nothing further was done in the preliminary case. Thereafter, and on November 26, 1947, petitioner alleges he was taken before Honorable Tom R. Blaine, judge of the district court of Garfield county, and arraigned on the charge of kidnapping filed against him, by information in the district court. He alleges that therein he was required to enter his plea to said charge, and that at said time, the said district judge did not advise petitioner of his right to aid of counsel, or to a continuance in order to procure counsel and prepare for trial. That he was not familiar with the criminal laws of the State of Oklahoma and he entered his plea of guilty to the charge against him. Petitioner makes further allegations in relation to prior difficulty he had had with his said wife which in no way whatsoever are related to the jurisdiction of the court to impose the sentence herein complained of.

To this petition the Attorney General responded substantially as follows, to wit, that the petitioner was not being detained and restrained of his liberty unlawfully, and that the petition does not state facts sufficient to entitle petitioner to be discharged on habeas corpus.

In support of his verified petition, petitioner offers his own affidavit substantially in the same language as his verified petition. In addition thereto he submits the affidavit of a friend of his, one Kitty Woolard, reading in substance as follows, to wit, in October, 1947, he wrote her at Tulsa, Okla., and asked her to come to Enid, which she did, and went to the office of the sheriff of Garfield county, and requested that she be permitted to see the said Francis B. Norris. She alleges that permission was denied her so to do, that if she had

been permitted to talk to said Francis B. Norris and learn in what manner he wanted her to assist him in procuring counsel to represent him in his defense, she would have so assisted him.

The state offered in support of its response the following evidence. The minutes of the district court in said criminal action against the petitioner reads in substance as follows, to wit:

"November 26, 1947. No. 2310 State v. Francis B. Norris, Judgment and Sentence of Court on Plea of Guilty, Defendant is Guilty. and Sentenced to 10 years in State Penitentiary at McAlester, Oklahoma, Sheriff directed to deliver prisoner to Warden at McAlester."

The foregoing minutes are entirely inadequate standing alone. In support of and as explanatory of the same, the state offers the affidavit of Park W. Lamerton reading in substance, in part, as follows, to wit: that he knew of his own personal knowledge and intimate contact with the case that the petitioner was allowed to use the telephone in the county jail in order to secure for himself an attorney to represent him in this cause. Further, that the petitioner was contacted by at least four or five members of the legal bar in the city of Enid, Okla., who had discussed the case with him; that finally he secured the services of Wesley R. McClanahan, a member of said bar, for the purpose of filing a motion to set aside and hold for naught a decree theretofore entered in the divorce action between him and the victim herein, Leona Norris. That on November 25, 1947, the said motion was overruled, that immediately thereafter the petitioner personally talked to Mr. Lamerton and stated that the action in the district court in overruling his motion to vacate and set aside the decree gave him no chance in the kidnapping case, and it was his

desire to enter his plea of guilty and so to do at once. That according to his knowledge and belief such action was done after consulting with and upon the advice of the attorney who represented him in the divorce proceedings. At the preliminary hearing, the county attorney further says, that the justice of the peace first advised petitioner of his rights and the purpose of a preliminary hearing, all of which the petitioner waived and entered his plea of guilty, and thereupon the justice of the peace bound him over to the district court. As soon thereafter as the information could be prepared petitioner was taken before Honorable Tom R. Blaine, district judge of Garfield county, Okla., and there arraigned by said judge, who fully advised him of all of his rights including the right to aid of counsel and 24 hours to plead and prepare for his defense. Notwithstanding the court's admonition he expressed his desire to enter his plea of guilty and did so. The court advised him of the charge pending against him of kidnapping his former wife, Leona Norris, to which charge petitioner pleaded guilty. Thereupon, the court being fully advised as to the defendant's character, reputation and prior penitentiary record, upon the recommendation of the county attorney, sentenced the defendant to 10 years in the penitentiary at McAlester, Okla.

Further, in support of the proceedings in the district court, the state offered the affidavit of Ralph Tennison, sheriff of Garfield county, Okla. He says, in substance, that the petitioner Francis B. Norris was permitted, as is every other person in the county jail, to call his attorney and to confer with the same. That the petitioner employed Wesley R. McClanahan to represent him in said matters pending before the district court before he entered his plea of guilty; that to his

personal knowledge the said attorney represented him in the divorce proceedings as well as in the proceedings thereafter. Further, he states that the petitioner was informed of all of his rights at the time he was arraigned in the district court and with knowledge thereof voluntarily entered a plea of guilty.

Further, in support of said proceedings in the district court, Honorable Tom R. Blaine made an affidavit in support thereof, in substance as follows, to wit: that Francis B. Norris appeared in open court in the district court room on November 26, 1947, and that the judge inquired of him if he was then ready to be arraigned, to which he answered in the affirmative. That the county attorney of Garfield county read the information, and Judge Blaine informed the defendant of his right to be represented by an attorney of his own selection or one to be appointed by the court. The judge informed the accused he could take time in which to decide what kind of plea he wished to enter to said charge. The said Norris stated that he wished to waive time in which to plead to the information, did not desire service of counsel, and was ready to enter his plea and desired to and did enter a plea of guilty to the information. Judge Blaine further stated that he made inquiry of the said Norris as to whether he was actually guilty of the charge of kidnapping and Norris answered he was guilty and that he had no defense to said action. Whereupon the judge inquired of the accused if there was any reason why he should not be sentenced, to which Norris said there was no reason and that he desired to be sentenced at that time. Further Judge Blaine stated that, in open court, the said Norris or the county attorney, or both of them, stated that the matter of punishment had been discussed before the defendant had been brought

into the court for arraignment, and that the county attorney would recommend a sentence of ten years in the penitentiary. Whereupon the court asked the said Norris if he still wanted to plead guilty after the county attorney had informed the affiant he had recommended a 10 years sentence, and that after the court indicated he intended to follow such recommendation, the said Norris stated he was guilty and wished to have his plea of guilty stand, and did not desire to change the same to a plea of not guilty. Whereupon said proceedings being thus concluded, as presiding judge, he sentenced the said Norris to the term of 10 years in the penitentiary at McAlester. Judge Blaine's affidavit further shows that by reason of the seriousness of the charge against the defendant Norris and the severity of the penalty recommended by the county attorney, he took unusual precautions to inform said Norris of each constitutional and legal right to which he was entitled. That to his knowledge the said Norris was not deprived of any right or privilege allowed him either by the Constitution or by the statutes of this state.

This court has repeatedly held that habeas corpus is limited to inquiry into the jurisdiction of the court. Ex parte Bailey, 87 Okla. Cr. 406, 198 P. 2d 660; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18; Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41; In re Swaim, 66 Okla. Cr. 30, 89 P. 2d 363, and numerous other cases. In habeas corpus proceedings, the court is limited in its inquiry to the propositions of jurisdiction of the person, of the subject matter, and of authority under the law to pronounce the judgment and sentence rendered. Ex parte Wade, 82 Okla. Cr. 215, 167 P. 2d 920; Ex parte Vanderburg, 73 Okla. Cr. 21, 117 P. 2d 550.

Under the foregoing pleadings and facts the petitioner raises no question as to the first two requirements, he only challenges the latter. He contends that the court lost jurisdiction to pronounce judgment and sentence by failure to accord him his statutory and constitutional rights, in that he was denied the aid of counsel, both in the preliminary and at his arraignment in the district court. If this be true, the court lost jurisdiction to pronounce sentence, and the petitioner would be entitled to the relief prayed for. Ex parte Stinnett, 71 Okla. Cr. 184, 110 P. 2d 310; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645; Ex parte Smith, 85 Okla. Cr. 299, 187 P. 2d 1003. In this connection, if the district court proceedings are regular and the plea of guilty was voluntarily entered by the petitioner with knowledge of his rights, he waived his right to a preliminary and any irregularity therein. Where the defendant is arraigned on an information and pleads to the merits, he waives the right to a preliminary examination, or if one was held, any irregularity therein. Neff v. State, 39 Okla Cr. 133, 264 P. 649. To the same effect is Sheller v. State, 58 Okla. Cr. 204, 52 P. 2d 105, wherein it was said that:

"Preliminary examination of accused charged with felony may be waived before committing magistrate, or entire preliminary proceedings may be waived in trial court and is waived by failure to file motion to quash or set aside information in apt time."

Further in this connection see Sparks v. State, 71 Okla. Cr. 430, 112 P. 2d 434; Herren v. State, 72 Okla. Cr. 254, 115 P. 2d 258, 259; Stamper v. State, 25 Okla. Cr. 324, 220 P. 67; Robbins v. State, 12 Okla. Cr. 294, 155 P. 491; Quinton v. State, 10 Okla. Cr. 520, 139 P. 705; Ex parte Owen, 82 Okla. Cr. 415, 171 P. 2d 868.

458

Here the petitioner voluntarily entered his plea of guilty to the information with the advice and aid of counsel without ever challenging the information by motion to quash or set aside the information. We are of the opinion that he waived any right to question the preliminary proceedings or any irregularity therein by entering his plea of guilty.

In relation to the proceedings had in the district court, the minutes are entirely inadequate and if standing alone without the aid of the affidavits of the court attaches, we would be compelled to grant the writ for we have repeatedly held that where a disputed question arises as to what occurred upon arraignment of one accused of crime, we give great weight to the recitation of the court minutes of the proceedings as to what occurred. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588; In Ex parte Meadows, supra, we further said [70 Okla. Cr. 304, 106 P. 2d 141]:

"Courts indulge every reasonable presumption against a waiver of fundamental constitutional rights, and do not presume acquiescence in their loss.

"Whether one accused of crime has waived his right to the assistance of counsel for his defense must depend in each case upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused."

In Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840, 841, we said:

"Where a petition for a writ of habeas corpus is filed, the burden is upon petitioner to sustain the allegations thereof."

See, also, In re Day, 82 Okla. Cr. 139, 167 P. 2d 380; Ex parte Peaker, 82 Okla. Cr. 360, 170 P. 2d 264; In re Miller, 82 Okla. Cr. 269, 168 P. 2d 897.

In light of the foregoing, the petitioner's prior court-room experience, the fact that he had the aid of counsel and the record herein made even though the minutes are entirely inadequate, we are bound by the rule announced in Ex parte Bradley, 72 Okla. Cr. 107, 117, 113 P. 2d 611, 615, wherein this court said:

"These minutes are not as full as they should have been under the facts as disclosed by the affidavits of the court attaches who were present at the time of the arraignment and plea of guilty by the petitioner. The presumption created by the absence of the recital of the waiver of these rights in the minutes of the court and in the journal entry of judgment and sentence, however, has been overcome by the testimony of the court officials, which shows that the proceedings upon the arraignment of the defendant were regular and that the court had jurisdiction to pronounce judgment and sentence against the accused upon his plea of guilty.

"As was said in Ex parte Meadows, supra, the question as to whether one accused of crime has waived his right to the assistance of counsel and of his other rights, which may be waived by him, must depend in each case upon the particular facts and circumstances surrounding that case, and no abstract rules of law may be set forth which will be applicable to every case."

The affidavit of the county attorney, the sheriff and the district judge, all of whom were present at the time of the arraignment and plea of guilty by the petitioner, are sufficient to overcome the presumption created by the absence of the recital of the waiver of the petitioner's right to the aid of counsel in the minutes of the court. Their sworn affidavits show that the proceedings upon arraignment of the defendant were regular, that

the defendant had the aid of counsel and was advised of his constitutional and statutory rights, and that the court had jurisdiction to pronounce the judgment and sentence herein rendered upon the plea of guilty being rendered. Under this state of the record we are of the opinion that the petitioner has failed to sustain the burden required of him. The writ of habeas corpus is accordingly denied.

JONES, P. J., and BAREFOOT, J., concur.