## WILD v. STATE OF OKLAHOMA et al.
### No. 4180.

United States Court of Appeals,
Tenth Circuit.

Feb. 21, 1951.

Appellant submitted brief pro se.

Mac Q. Williamson, Atty. Gen. of Oklahoma (Owen J. Watts, Asst. Atty. Gen. submitted brief), for appellees.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

In March, 1949, J. F. Wild, the petitioner herein, was convicted in the District Court of McCurtain County, Oklahoma, of the crime of manslaughter and was sentenced to imprisonment for a period of 15 years. No appeal was taken in that case. His petition for writ of habeas corpus filed in the United States District Court for the Eastern District of Oklahoma was denied without a hearing and this appeal was taken.

The petition was prepared without the aid of counsel and was inexpertly drawn. It is replete with argument, conclusions and citations of authorities. Construing it most favorable to the petitioner, it alleges that theretofore an application for a writ of habeas corpus had been filed in the Criminal Court of Appeals for Oklahoma alleging the same grounds for relief as are presented here; that this application was denied; that thereafter a filing was made in the United States Supreme Court and considered as a petition for certiorari and denied. Wild v. Burford, Warden, 339 U.S. 939, 70 S.Ct. 671.

An application for habeas corpus by one detained under a state court judgment of conviction for a crime will not be entertained by a Federal Court unless petitioner has exhausted all state remedies including appeal to the proper state courts and to the Supreme Court of the United States. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; White v. Ragen, 324 U.S. 760, 764, 65 S.Ct. 978, 89 L.Ed. 1348; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. The Criminal Court of Appeals for Oklahoma has concurrent original jurisdiction with other courts of record in habeas corpus proceedings. 20 O.S.A. § 41; 22 O.S.A. § 1151; Ex parte Peaker, 87 Okl.Cr. 139, 194 P.2d 893, certiorari denied, Peaker v. State of Oklahoma, 335 U.S. 909, 69 S.Ct. 409, 93 L.Ed. 442. On habeas corpus its duty is to inquire into the legality of the commitment which includes a claim of a denial of constitutional rights. Ex parte Peaker, 82 Okl.Cr. 360, 170 P.2d 264; Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419, 427; Ex parte Stinnett, 71 Okl.Cr. 184, 110 P.2d 310, 315; Ex parte Davis, 66 Okl.Cr. 271, 91 P.2d 799. From the meager record before us we are unable to ascertain the exact grounds upon which the application was denied there. The District Court apparently assumed that the petitioner had exhausted his remedy in the state court and we shall do likewise.

The petition attacks the judgment and sentence solely upon the grounds that certain witnesses for the state gave false and perjured testimony at the trial. It has been held that the use of perjured testimony to obtain a conviction in a state criminal case is a deprivation of rights guaranteed by the federal constitution and presents a federal question for which relief may be granted through habeas corpus in federal courts. Pyle v. State of Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214; Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791. In the case before us there is no suggestion that the prosecuting officers knew or had reason to believe that any of the testimony offered at the trial of the petitioner was false or perjured. This court has consistently followed the rule that a writ of habeas corpus should not be granted upon the grounds that false and perjured testimony was used unless it is shown that it was knowingly used against the defendant by the prosecuting officers in the criminal case. Wagner v. Hunter, 10 Cir., 161 F.2d 601; Tilghman v. Hunter, 10 Cir., 167 F.2d 661; Cobb v. Hunter, 10 Cir., 167 F.2d 888; Story v. Burford, 10 Cir., 178 F.2d 911, certiorari denied, 338 U.S. 951, 70 S.Ct. 482; Hinley v. Burford, 10 Cir., 183 F.2d 581. The petition was properly denied.

Judgment is affirmed.