*In re* APPLICATION of Sidney E. MASSIE
for Writ of Habeas Corpus.

No. A–12116.

Criminal Court of Appeals of Oklahoma.

April 27, 1955.

Sidney E. Massie, McAlester, petitioner pro se.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for respondent.

POWELL, Judge.

The petitioner, Sidney E. Massie, has filed herein a petition for a writ of habeas corpus seeking his release from the State Penitentiary at McAlester. It is set out that petitioner was sentenced by the district court of Cotton County on February 9, 1951, upon a plea of guilty to a charge of conjoint robbery, to serve a term of 15 years in the State Penitentiary.

Petitioner alleges that the sentence imposed in the conjoint robbery case was numbered 935 in the district court of Cotton County, but he did not attach a certified copy of the information. We have obtained such copy from the court clerk of said County. The judgment entered on the plea of conviction was ordered by the trial judge to run concurrently with the judgment and sentence imposed against the within petitioner in case No. 934 in said court, wherein petitioner was convicted of grand larceny and sentenced to serve a term of five years in the State Penitentiary; and also in case No. 936 in said court in which a judgment and sentence was entered finding the defendant guilty of larceny of a motor vehicle, and petitioner was there sentenced to serve five years in the State Penitentiary on account of said conviction, but the sentence to run concurrently with the conjoint robbery sentence in case No. 935.

In the petition it is alleged: "The petitioner contends that the information in said cause No. 935, of the district court of Cotton County, State of Oklahoma, is void upon its face, because it does not charge any crime which can be defined in the statutes of the State of Oklahoma, and the judgment and sentence which depends on the information for its validity, is also void."

It is further stated: "The petitioner would point out to this Honorable Court again, that this charge of conjoint robbery was brought about by the $5 that was taken from the jailor of the Cotton County jail during the course of an escape from said jail."

It is then contended that the statute, 21 O.S.1951 § 792, provides that if the force was employed as a means of escape that the charge based thereon could not be robbery.

The pertinent portion of the information reads:

"* * * on the 29th day of January, 1951, Sidney E. Massie and Johnnie J. Barnett then and there being, did then and there, willfully, unlawfully, wrongfully, intentionally, feloniously and conjointly, and common design, with the hands and fists of said Sidney E. Massie and Johnnie J. Barnett, make an assault in and upon the person and body of C. P. Hix, then and there and

thereby putting the said C. P. Hix in fear of immediate injury to his life and person by threatening to then and there beat, wound, and inflict physical injury upon said C. P. Hix, and did then and there and thereby use of said force in putting in fear, unlawfully, wilfully, wrongfully and feloniously, and against the will and consent of him, the said C. P. Hix, take, steal and carry away from the possession and person of the said C. P. Hix certain personal property, to-wit: Five Dollars ($5.00) lawful money of the United States, with the unlawful, wrongful, and felonious intent then and there on the part of them, the said Sidney E. Massie and Johnnie J. Barnett, to rob and deprive the said C. P. Hix of said property and to convert the same to the use and benefit of them, the said Sidney E. Massie and Johnnie J. Barnett, * * *."

If the information should be found void on its face the petitioner would, as he contends, be entitled to his discharge, provided the concurrent sentences have been satisfied, Ex parte Snow, 84 Okl.Cr. 423, 183 P.2d 588; Ex parte Pack, 51 Okl.Cr. 277, 1 P.2d 817; White v. Levine, 10 Cir., 40 F.2d 502; Ex parte Wright, 73 Okl.Cr. 167, 119 P.2d 97; Ex parte Stinnett, 71 Okl.Cr. 184, 110 P.2d 310; Ex parte Show, 4 Okl. Cr. 416, 113 P. 1062; Ex parte Sneed, 38 Okl.Cr. 81, 259 P. 156.

 But habeas corpus can not be used to test the sufficiency of the information unless same is fundamentally defective. Ex parte Jackson, 45 Okl.Cr. 448, 287 P. 786; Ex parte Lyde, 17 Okl.Cr. 618, 191 P. 606; Ex parte Brown, 77 Okl.Cr. 96, 139 P.2d 196; Ex parte Norris, 88 Okl.Cr. 450, 204 P.2d 291. And the province of habeas corpus proceedings is to inquire only into jurisdictional matters and it cannot be made to perform office of an appeal. Allegations in the petition as to alleged facts concerning the crime charged will not be considered. Ex parte Keel, 62 Okl.Cr. 277, 71 P.2d 313; Robnett v. State, 69 Okl.Cr. 235, 101 P.2d 645; Ex parte Pearson, 87 Okl.Cr. 364, 198 P.2d 226.

The charge was filed under the provisions of 21 O.S.1951 § 791, reading:

"Robbery is a wrongful taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

Section 792 of Title 21 provides:

"To constitute robbery, the force or fear must be employed either to obtain or retain possession of the property, or to prevent or overcome resistance to the taking. If employed merely as a means of escape, it does not constitute robbery."

Section 793 provides:

"When force is employed in either of the ways specified in the last section [792], the degree of force employed is immaterial."

And Section 794 provides in part:

"The fear which constitutes robbery may be either:

"1. The fear of an unlawful injury, immediate or future, to the person or property of the person robbed or of any relative of his, or member of his family; * * *."

 The only question proper for consideration is whether or not the crime of conjoint robbery was sufficiently charged in the information to meet the requirement of the statute. 21 O.S.1951 § 791.

In Marks v. State, 69 Okl.Cr. 330, 335, 102 P.2d 955, 958, the court quotes from Bishop, where it is said:

" ' "Every robbery requires either actual violence inflicted on the person robbed, or such demonstrations or threats as under the circumstances create in him reasonable apprehension of bodily injury." ' "

Citing 2 Bish.New Cr.Law, par. 116. If putting in fear is found, the offense is robbery. See 1 Wharton Cr.Law, par. 854.

In 46 Am.Jur. p. 146, Robbery, § 16, it is said:

"The force necessary to constitute robbery may be constructive as well as actual, and may consist in the intimidation of the victim, or putting him in fear. Intimidation, in this connection, means force, not actual or direct, exert

ed upon the person robbed, by operating upon his fear of injury to person, property, or character. No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear."

And it is stated in 77 C.J.S., Robbery, § 16, page 459:

"The intimidation must be such as to cause a reasonable apprehension of danger. However, the fear aroused need not amount to great terror, panic, or hysteria. It is necessary and sufficient that the fear is strong enough to overcome the victim's resistance and induce him to part with the property under its compulsion."

In Marks v. State, supra, while the information was approved as to the adult defendant, the case was reversed as to him for the reason that the court permitted a material amendment to the information after all the evidence was in. The information did not set out the use of a gun or other weapon in inducing fear.

The fact that the information here specified the means by which the victim was placed in fear as being by reason of "an assault in and upon the person and body of C. P. Hix then and thereby putting the said C. P. Hix in fear of immediate injury to his life and person by threatening then and there to beat, wound, and inflict physical injury," etc., was sufficient as to the means by which the fear was induced. The jury would determine from a view of the robber or robbers and the victim whether or not it would be reasonable for the victim to have been placed in fear by the threatened use on him by the accused persons of their fists and hands. There are many persons whose very appearance would convince an ordinary person that they were capable of inflicting very serious injury or even death by use of their fists, or by use of hands in strangulation. In People v. Bodkin, 304 Ill.

124, 136 N.E. 494, two persons were held to have obtained money from the prosecutor by threats and thus to have committed robbery. The prosecutor knew that one of the robbers had a pistol in his coat pocket. Some interesting authorities are referred to in the Illinois case. Cited is an early English case of Hughes and Wellings case, 1 Lewin's C.Cas. 300, involving an indictment for robbery. In that case, no force was used or any menaces, but the robbers so surrounded the victim "as to render all attempts of resistance hazardous, if not vain." The court, in deciding the case, said:

"In order to constitute robbery there must be either fear or menaces. If several persons so surround another as to take away the power of resistance, this is force."

Also cited is Russell on Crimes, Vol. 2 (1910 ed.), 1137, 1138, in which the above case is quoted with approval, and where the author says (page 1137):

"The extortion of property by fear is robbery, though the property be taken as a colorable gift. So that if a man, whether with or without an offensive weapon, but with such circumstances of terror as indicate a felonious intention, asks alms from a person, who gives to him through a fear of violence, it will be robbery."

And the author is further quoted (page 1138):

"It is enough if the fact be attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the safety of his person."

Robbery is defined by the federal statute, Cr.Code, § 46, 18 U.S.C.A. § 99, now § 2112, practically as in the Oklahoma statutory definition. And in Norris v. United States, 5 Cir., 152 F.2d 808, the evidence developed that persons took an automobile from a federal game warden and the car belonged to the government. The game warden was in the car and through fear surrendered the car to the takers. The court said:

"Under robbery statute, the taking must be by violence or putting victim in fear, but both of the circumstances need not occur and, if victim is put in fear by threats and then robbed, it is not necessary that there should be any greater violence. Cr.Code, § 46, 18 U.S.C.A. § 99."

An examination of the charging statute, 21 O.S.1951 § 791 read in connection with Sections 792 and 793 of the Title 21, hereinabove quoted, and applied to the information complained of, reveals that all the essential statutory elements of robbery are charged, so that the information is not void on its face, as asserted by petitioner.

The assertion by petitioner that the robbery was brought about by the $5 that was taken from the jailor of the Cotton County jail during the course of an escape from the jail cannot be considered, as the case is not here on appeal, and evidential matters may not be considered.

It is evident, however, from the very statement of the proposition in the petition, and heretofore quoted verbatim, that petitioner is confused as to the meaning of the clause concerning escape, as found in Section 792, Title 21 O.S.1951, supra. This statutory provision has been considered in a number of cases by this court. Kernell v. State, 53 Okl.Cr. 259, 10 P.2d 287, 288, is a case illustrative of a situation where the statute was applicable. There two young men obtained five gallons of gasolene from a station operator and stalled around about paying, pretending to look in a pocket book for money, and then they jumped in their car and started driving away. The service station man jumped on the running board and demanded payment. The car was ditched. The court said:

"The obtaining of the gasoline having been without force, but with the consent of the owner, the state of facts shown could only constitute robbery in case the resistance offered by defendant and his companion was to retain possession of the property and not as a means of escape. The prosecuting witness was not attempting to recover his property, but was demanding pay for it. The circumstances disclose that defendant and his companion were attempting to flee. Under no reasonable view of the evidence can it be said that defendant used force to retain possession of the property, but rather it discloses that such force as was used was in an effort to escape. We are constrained to hold that the crime charged has not been proven."

In the case of Traxler v. State, 96 Okl.Cr. 231, 251 P.2d 815, the accused was shown by the evidence to have been fleeing capture by the officers when he commandeered and took by force and threats an automobile from the prosecuting witness. The fact that he did use the vehicle as a means of escape did not destroy the fact that the car was actually obtained by force and threats, which met the requirement of the statute defining robbery.

In the within case the evidence would have had to have shown that the $5 was obtained without the knowledge of C. P. Hix, or without any threats or force or fear and that thereafter the petitioner when the theft was discovered, sought to escape and the force and threats employed were for the sole purpose of getting out of the jail. But as before stated, such state of facts cannot be discovered from a reading of the information. No such matters are alleged. The information was sufficient.

For the reasons stated, the petition for writ of habeas corpus must be denied.

JONES, P. J., and BRETT, J., concur.