Donald R. MAGHE, Petitioner,

v.

Ray H. PAGE, Warden of the Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.

No. A–13553.

Court of Criminal Appeals of Oklahoma.

Sept. 30, 1964.

Donald R. Maghe, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

JOHNSON, Presiding Judge.

This is an original action in habeas corpus by petitioner, Donald R. Maghe. Upon such petition a rule to show cause was issued, directed to the Warden of the State Penitentiary, and a response, in the nature of a demurrer, has been filed by the Attorney General. Petitioner has filed an answer to the response; and also files what purports to be a casemade of his trial in the Superior Court of Okmulgee County. From the pleadings and exhibits the following facts appear:

Petitioner was charged on March 5, 1963 by information with the crime of larceny of an automobile after former convictions of felonies. He made bond and was released, and his case was assigned for trial for March 19, 1963. The defendant failed to appear for trial, and his bond was forfeited. Petitioner states that thereafter on April 22, 1963 he voluntarily appeared, and was placed in jail, where he remained until his trial and conviction by a jury on January 31, 1964. He was sentenced to a term of from five to fifteen years in the State Penitentiary, and was transferred to the penitentiary on that date.

The purported casemade filed with the petition for habeas corpus has not been signed and settled in the manner prescribed by the statutes, and is not certified by the trial Judge. The casemade does not show a notice of intention to appeal. Under date of February 26, 1964 the petitioner filed a motion for new trial, without the assistance of an attorney. There is shown in the record an order reading:

"Now on this 15 day of April, 1964 comes on for hearing a motion for new trial filed by the defendant herein, and the court being fully advised in the premises finds: that the motion is filed out of time, and is without merit, and is hereby overruled." (Signed by the Judge of said court.)

On May 11, 1964 the petitioner filed a motion for leave to proceed "in forma pauperis" in which he asked for a casemade at the expense of Okmulgee County for the purpose of filing an appeal to this Court, and there appearing endorsed on the back thereof: "6-3-64. Granted. Court reporter directed to furnish record."

The Court Reporter's certificate is dated June 9, 1964, and the county attorney acknowledged service on June 10, 1964. The court clerk certified to the record on June 10, 1964 and the casemade was filed in the Superior Court on that date. No amendments were suggested, and the stipulation is not signed by the attorneys; the record is not signed by the attorney representing the defendant in the trial of the case, or by the defendant, and as above stated, is not signed by the Judge presiding at the trial.

The casemade was filed with the petition for habeas corpus in this Court on June 10, 1964. No attempt was made to appeal the case, the casemade being referred to as Exhibit 1 of the petition.

Petitioner complains that he was not granted a speedy trial; that counsel was not appointed for petitioner until October, 1963; that he made application to the Judge of the Superior Court of Okmulgee County to be tried in the District Court of Okmul-

gee County at the November term thereof, and the judge agreed, but the county attorney refused to try him at that time. He asks that he be allowed to appear in person and testify in this Court, and that the Court issue subpoenas for other witnesses.

It has been many times stated by this Court that the purpose of a writ of habeas corpus is not to determine the guilt or innocence of the accused of the crime for which he was convicted and sentenced, but only to determine whether he is restrained of his liberty by due process of law, and whether the court which rendered judgment imposing sentence was without jurisdiction. Ex parte Pearson, 87 Okl.Cr. 364, 198 P.2d 226; In re Maynard, 79 Okl. Cr. 215, 153 P.2d 505.

In Harvey v. Raines, Okl.Cr., 368 P.2d 258, we said:

"Writ of habeas corpus cannot be invoked for the purpose of reviewing the action of courts of record where the court acted within its jurisdiction, nor can the writ of habeas corpus be used for the purpose of correcting irregularities or errors, or as a substitute for an appeal."

We have found nothing in the record to sustain any of petitioner's contentions of error. There is nothing to show that he was denied any statutory or constitutional right. True, he remained in jail from April until the following January, but his case had been assigned for trial in March, and he failed to appear. He was furnished counsel in October for his trial, which was held in January, and later a casemade was provided at the expense of the county. However, in a habeas corpus action this Court cannot consider a casemade or record unless it has a bearing upon the question of lack of jurisdiction of the trial court.

This being true, we can only examine the record to see whether the court had jurisdiction of the person, of the subject matter, and jurisdiction to render the particular judgment which was rendered. This we have done.

There are no allegations in the petition which are sufficient to challenge the jurisdiction of the trial court. The demurrer of the Attorney General should therefore be sustained, and the petition for writ of habeas corpus denied.

It is so ordered.

BUSSEY and NIX, JJ., concur.